CLARK, trustee, *vs.* BRYCE.

1. Where one signs a note as security upon condition that another should also sign, and the principal delivers the paper to the payee without such additional name and without notifying him of the condition, and obtains money thereon, the surety signing is not discharged.

2. Indulgence to the principal for a valuable consideration, without the consent of the surety, discharges the latter. If the surety ratifies the delivery of the note without the additional name, or the indulgence, of course he would still be bound.

3. Although the evidence was conflicting, there is sufficient to sustain the verdict.

Charge of Court. New trial. Before Judge SPEER. DeKalb Superior Court. March Term, 1879.

To the report contained in the decision it is only necessary to add that the court charged in substance as follows:

Clark, trustee, *vs.* Bryce.

That unless Morrison notified Thomas C. Howard at the time he delivered the note and received the money, that Bryce had signed the note on condition that Alston would sign also, and that it was not to take effect until Alston did so sign, Bryce could not be discharged on that ground.

That, although Bryce may have signed the note on condition that Alston should also sign, and Howard had notice of this at said time, and there may have been a new contract entered into between Morrison and Howard after the maturity of the note without Bryce's knowledge or consent at the time it was made, whereby indulgence was given to Morrison for a year or more for a valuable consideration, yet if afterwards the knowledge came to Bryce that the note was delivered to Howard on the receipt of the money by Morrison without the signature of Alston, and the knowledge also came to him afterwards of the terms of the indulgence to Morrison for a valuable consideration, and the jury is satisfied from the evidence that Bryce either expressly or impliedly ratified both of said acts, Bryce would be liable to plaintiff; but if said knowledge and acts of Bryce did not amount to a ratification, then they are circumstances for the jury to consider in coming to a conclusion as to whether or not it is true that Bryce signed only on condition that Alston should also sign, and which was communicated to Howard at said time, and whether or not it is true that there was any new contract for a valuable consideration to give Morrison indulgence.

That if after the note became due Morrison made with Howard a new agreement to extend the time for the payment of the note, and he received for it a valuable consideration—received money for it—without the consent of Bryce, it would release the security.

WARNER, Chief Justice.

This was an action brought by the plaintiff against J. J. Morrison, Hattie H. Morrison and John Bryce, on a joint promissory note for the sum of $300.00, dated 16th July, 1874, and due 25th of December next after date. The de-

fendant, John Bryce, pleaded that he was security only on said note, that he signed the same with the understanding with plaintiff's agent, who negotiated the loan of money for which the note was given, that R. A. Alston should also sign said note as security with him, and that after said defendant had signed said note, said plaintiff's agent undertook and agreed to procure the signature of said Alston thereto, which he failed to do. The defendant, Bryce, also pleaded that plaintiff's *cestui que trust*, who had said note in her possession, for a valuable consideration, agreed with J. J. Morrison, the principal in said note, after it became due, to indulge him thereon for twelve months, etc. On the trial of the case the jury, under the charge of the court, found a verdict in favor of Bryce, the security. A motion was made for a new trial on the grounds therein stated, which was overruled and the plaintiff excepted.

We find no error in the charge of the court to the jury in view of the evidence in the record ; it was quite as favorable to the plaintiff as he had any right to claim, and the only remaining question in the case is, whether there was sufficient evidence to support the verdict under the law applicable thereto. The 2154th section of the Code declares " that any act of the creditor, either before or after judgment against the principal, which injures the surety or increases his risk, or exposes him to greater liability, will discharge him ; a mere failure by the creditor to sue as soon as the law allows, or negligence to prosecute with vigor his legal remedies unless for a consideration, will not release the surety." It appears from the evidence in the record that the money loaned to Morrison, the principal debtor, belonged to Mrs. Howard, the *cestui que trust*, and that the loan of it was negotiated by her husband, Thos. C. Howard. Bryce testified that he signed the note as security upon condition that Alston would also sign it before it was delivered to Howard. Morrison also testified that Alston had promised to sign the note, and so told Bryce, when he signed it, and that he would procure his signature to it the next day in the city, but when he got the money from Howard in

Clark, trustee, *vs.* Bryce,

Atlanta, expected to find Alston there, but he was absent; told Howard that Alston was to sign the note, and had consented to do so, and Howard promised him that he would procure Alston's signature to it when he returned home and let him have the money—witness agreeing to pay two per cent. a month interest for the use of it, and gave his separate individual notes for the interest, payable monthly, about which Bryce knew nothing. Morrison also testified that about a month after the note became due he made an agreement with Mr. and Mrs. Howard to wait with him a year or more if he would continue to pay the same rate of interest on the note he had been paying, two per cent. a month at the end of each month. Witness paid her $6.00, the first month's interest due on the new contract, and was to continue to pay the same amount at the end of each and every month, having paid the notes given for the interest prior to the maturity of the note sued on; that Bryce, the security, knew nothing about the new contract for indulgence. Cox testified that in the fall of the year 1876, he had a conversation with Howard and his wife, in which they stated that they had collected from Morrison the interest due on the note, and had agreed with him to extend the time of payment of the principal of the note. Bryce also testified that the agreement made with Morrison for an extension of the time of payment of the note was made without his knowledge or consent. Such is, in substance, the evidence for the defendant in support of the verdict. It is true that the evidence of the plaintiff was in conflict with that of the defendant upon some material points in the case, but that was a question for the jury, and they thought proper to believe the defendant's witnesses, as it was their province to do, and there being sufficient evidence to support their finding, and the presiding judge who tried the case being satisfied therewith, this court cannot interfere and set aside the verdict without overruling at least fifty decisions heretofore made by this court in similar cases, which it does not feel authorized to do.

Let the judgment of the court below be affirmed.