## TABOR AND OTHERS v. MERCHANTS NATIONAL BANK.

1. PLEADING AND PRACTICE: *Pleading over after demurrer.*

By pleading over to the merits after demurrer overruled to the complaint, the defendant waives all objections to the ruling of the court on the demurrer.

2. BILLS AND NOTES: *Presumption as to date of blank assignment. Proof.*

The statutory rule that an assignment without date was made at a time most to the advantage of the maker of a note, may be overcome by proof that it was made before maturity of the note.

3. SAME: *Indorsed in blank. Presumption. Proof.*

The production of a note indorsed in blank, and proof that the indorsement was made before maturity of the note, raises the presumption that the holder of the note paid value for it; that he was an innocent holder, and acquired the note in due course of business. But the presumption of the payment of value is overcome by proof that the note, in its inception, was so infected with fraud as to destroy the title of the original holder; and the burden of proof that value was paid for it is then shifted to the plaintiff.

4. SAME: *Escrow. Surety. Fraud. Innocent holder.*

A surety who signs a note with an agreement that the maker is not to deliver it to the payee until it is signed by other sureties, cannot plead against an innocent payee, without notice of the agreement, the fraud of the maker in delivering it without the additional sureties. He is regarded as having constituted the maker as his agent to negotiate the note, and having clothed him with the means of perpetrating the fraud he must bear the loss.

Tabor and Others v. Merchants National Bank.

5.  SAME:  *Innocent holder.  Taking for antecedent debt.*
    One who takes negotiable paper before maturity for an antecedent debt,
      without notice of any defect in it, takes it in due course of business
      and is a holder for value, and not subject to any defenses that may
      exist between other parties to the paper.


APPEAL from *Sebastian* Circuit Court.
Hon. H. B. RUTHERFORD, Judge.


*Collins & Balch*, for appellants.

The judgment is not sustained by the evidence as found by the court.   The finding of the facts by the court is in the nature of a *special verdict* by a jury, and is conclusive of the facts.  *25 Ark., 562; 5 ib., 588, 592.*

The court did not find that appellee owned or paid value for the note, and without such finding the judgment is erroneous.   The burden was on appellee to show this.

The holder of a note payable to *order*, and which passes only by *written assignment*, is not presumed to have paid value for such note.   He is not protected against defenses connected with the note itself; such as want of consideration, fraud, etc.   *Parsons on Notes and Bills, vol. 1, 277–8.*   Such holder is protected only against defenses not connected with the note itself.   *1 Metc., 369; 16 B. Mon., 572.*

There is no proof whatever that appellee paid value for the note, and the evidence was sufficient to shift the burden on appellee to show by competent proof that it did so.   *Mansf. Dig., sec. 480; 25 Ark., 238; Mansf. Dig., sec. 477.*   The answer is sworn to and denies the assignment.

The circumstances in evidence were sufficient to overcome the *prima facie* presumption in favor of the appellee, if any such exists.

COCKRILL, C. J.    The Merchants National Bank sued the appellees upon a note signed by them and one Jerre Wolf, who was not sued.    The note was made payable to the order of the German Insurance Company of Freeport, Ill., and was indorsed in blank.

The appellants filed an answer, in which it was alleged that they signed the note "as sureties for Wolf in payment of an antecedent indebtedness then owing by said Wolf to the German Insurance Company," upon the express agreement that Wolf should not deliver the note to the payee until W. L. Taylor and Alvie Smith had signed it with them, but that in violation of the agreement Wolf delivered the note to the payee, and that the bank knew the facts when the note was indorsed to it, and denied that the indorsement was made before maturity.

A jury was waived, and the court made the following finding of facts, viz.:

*First*—That the note sued on was signed by E. A. Tabor, Jesse Turner, Jr., and O. P. Brown, at the instance and request of Jerre Wolf, one of the makers, with the understanding and agreement that the same was not to be delivered to the German Insurance Company, to which the said Wolf was indebted, until W. L. Taylor and Alvie Smith should sign it as sureties with them; that said note was delivered to the German Insurance Company without the signatures of Taylor and Smith, and that the insurance company had no knowledge of the manner in which the signatures of the above named parties had been obtained.

*Second*—That the said note was assigned to the plaintiff before maturity in regular course of business, and judgment was entered for the plaintiff.

The appellants contend that the finding is not sustained by the evidence, in so far as it relates to the insurance company's want of knowledge of the condition upon which

the appellants' signatures were obtained by Wolf. As to that point it is only necessary to say that no testimony was offered by either side. It is argued, however, that the facts found are not sufficient to sustain the judgment.

The contention is that the proof that the note was put in circulation by Wolf in violation of the agreement with the appellants, cast upon the plaintiff the *onus* of proving, not only that the note had been indorsed to it before maturity, but also that it was acquired upon a valuable consideration. There was no proof of the consideration paid by the plaintiff.

The fact of indorsement by the insurance company to the plaintiff was not put in issue, as counsel seem to suppose. The complaint alleged that the indorsement was made before maturity for a valuable consideration, and the answer avers that the note "was not assigned to the plaintiff before maturity, but, in truth and in fact, that the assignment was made long after maturity, and that the assignment was not made for a valuable consideration." The defendants had previously undertaken to test the sufficiency of the indorsement by demurrer, but the demurrer was overruled, and by pleading over to the merits they waived all objection to the ruling of the court in that respect (*Chapline v. Robertson, 44 Ark., 202; Jones v. Terry, 43 ib., 230*), and did not renew the objection in any other form.

1. Pleading over after demurrer overruled.

The answer, so far from containing a denial of the assignment (See *Mansf. Dig., sec. 477*), is an admission of its validity, and when the plaintiff proved, as was done, that the assignment was, in fact, made before the maturity of the instrument, the statutory rule that a blank assignment shall be taken to have been made at a date most to the advantage of the defendant, was overcome. (*Trader v. Chidester, 41 Ark., 242.*)

2. Bills and Notes

Presumption as to date of blank assignment.

**3. SAME:**
**Indorsed**
**in blank.**
**Presump-**
**tions.**

The production of the note and proof that the indorsement was made before maturity raised the presumption that the plaintiff had paid value for the note, that it was an innocent holder and had acquired it in due course of business; but if the proof subsequently offered by the defendants to establish their defense shows that the note, in its inception, was so infected by fraud as to destroy the title of the original holder, the presumption of the payment of value was thereby overcome, and the burden of proof was shifted to the plaintiff to show that value was given for the note. *1 Daniels Neg. Inst., sec. 814; Benj. Chalmer's Dig., p. 109, art. 97; 2 Greenl. Ev., sec. 172; Commissioners v. Clarke, 94 U. S., 277, 285; Collins v. Gilbert, ib., 753; Nickerson v. Roger, 76 N. Y., 279; National Bank v. Green, 43 ib., 298; Kellogg v. Curtis, 69 Me., 212; Grays, Admr., v. Bank, 29 Pa. St., 365.*

The reason assigned for this rule is, that "where there is fraud, the presumption is that he who is guilty will part with the note for the purpose of enabling some third party to recover upon it, and such presumption operates against the holder, and it devolves upon him to show that he gave value for it." *Bailey v. Bidwall, 13 Mees & Wes., 73; Collins v. Gilbert, sup.*

**4. SAME:**
**Escrow.**
**Surety.**
**Fraud. In-**
**nocent**
**holder.**

If, therefore, the evidence shows that the note was invalid in the hands of the insurance company, by reason of the fraud practiced upon the appellants by their principal, Wolf, then the plaintiff, who is the indorsee, having failed to rebut the presumption of invalidity that is raised against it, was not entitled to recover.

But when we come to the consideration of that question we find no allegation in the answer, and there is no proof to show, that the insurance company had notice of the condition upon which the appellants had signed the note. It was complete in form; there was nothing on its face to

arouse suspicion, and the answer alleges that it was given in payment of a debt due from Wolf to the insurance company. The inquiry is, therefore, was the insurance company, under these circumstances, affected by the fraud practiced by Wolf upon his sureties?

It was ruled by this court at the present term that the delivery of an official bond by a surety to the principal obligor, upon the condition that it should not be delivered until signed by other parties, did not have the effect of constituting it an escrow as when delivered under like circumstances to a stranger. (*State v. Churchill, ante.*) While there is some conflict in the authorities. upon this point as to non-negotiable instruments, we are aware of no case which holds that such an effect is given where a negotiable instrument, perfect in form, is delivered to the maker. In such cases where the question arises between the injured party to the note and a payee who has taken it for value without notice of the condition, the former having executed it and entrusted it to a maker, is regarded as having constituted him his agent to negotiate it; and having clothed him with the means of perpetrating the fraud, must bear the loss. *Passumpsic Bank v. Goss, 31 Vt., 315; F. & M. Bank v. Humphrey, 36 ib., 354; Ayres v. Milroy, 53 Mo., 516; Bank v. Phillips, 17 ib., 29; Smith v. Moberly, 10 B. Mon., 266; Merriam v. Rockwood, 47 N. H., 81; Gage v. Sharp, 24 Iowa, 15; Daniels v. Grover, 54 ib., 319; Steaver v. Weld, 61 ib., 704; Deardorf v. Forceman, 24 Ind., 481; Clark v. Brice, 64 Ga., 486; Stoddard v. Kimball, 6 Cush., 469; Clark v. Thayer, 105 Mass., 216; 1 Daniel Neg. Inst., sec. 854.*

The insurance company had the right, then, to assume that the appellants had authorized Wolf to deliver the note to it for them, and as it is not shown that the company had notice of the violated condition, or any reason to sus-

pect its existence, the appellants have failed to connect it with the fraud, or to establish a *prima facie* case against it, if value was paid by it for the note. Cases *sup.*

5. SAME: Taking for antecedent debt: Innocent holder.
In the case of *Bertrand v. Barkman, 13 Ark., 150,* it was ruled that one who takes negotiable paper in payment of an antecedent debt, before maturity and without notice, actual or otherwise, of any defect thereto, receives it in due course of business, and becomes, within the meaning of the commercial law, a holder for value, entitled to enforce payment without regard to the defenses that may exist between the other parties to the paper; and this is in accord with the very general concurrence of judicial authority. *1 Daniel Neg. Inst., sec. 832; Harrell v. Tenant, 30 Ark., 684; Railroad v. National Bank, 102 U. S., 14; Oates v. National Bank, 100 U. S., 239; Stoddard v. Kimball, sup.; Bank v. Phillips, sup.*

It follows then that the appellants, having failed to establish the invalidity of the note in the hands of the first holder, the necessity of proving the payment of value for the indorsement was not cast upon the bank, and it was entitled to recover.

Affirm.