MARION CROSS v. THOMPSON, BLACKSTOCK & CO.

TRIAL COURT—*No Substantial Error.* The record examined, and *held,* that no substantial error was committed by the trial court, either in its rulings as to the admissibility of evidence or in its instructions to the jury.

*Error from Wilson District Court.*

ACTION on a promissory note. At the February term, 1889, judgment for plaintiffs, *Thompson, Blackstock & Co.,* against defendant, *Cross,* who comes to this court. The opinion, filed February 11, 1893, states the material facts.

*J. W. Sutherland,* for plaintiff in error.

*C. S. Reed,* for defendants in error.

The opinion of the court was delivered by

ALLEN, J.: This action was brought by the defendants in error against Marion Cross, on a promissory note for $100, and interest, dated April 30, 1886. The note was payable to Charles C. Putt & Co., and by them indorsed to plaintiffs. The defendant admitted the execution of the note, and alleged that the only consideration therefor was a certain horse, bought by the defendant and others from Charles C. Putt & Co. for $1,500. He alleges that $800 of the purchase price had been paid; that the horse was warranted to be sound and healthy, and a safe foal getter and breeder, and claims that the note is still the property of Putt & Co. He claims that the horse was not as warranted, and the $800 paid is more than the horse is fairly worth. A jury trial was had, resulting in a verdict in favor of the plaintiffs for $100, on which judgment was entered. No question is raised by the defendants in error as to the jurisdiction of this court, though it will be perceived that the amount for which judgment was rendered, exclusive of costs, is exactly $100.

We are not asked to decide whether this case falls within the provision of § 1, chapter 245, of the Laws of 1889. As

the view we take of this case compels an affirmance of the judgment, we do not deem it necessary to consider the jurisdictional question. Many exceptions were preserved to the rulings of the trial court on the admission of evidence before the jury. We have carefully and patiently examined the records, and are unable to perceive any material error in that respect.

It is claimed that the court erred in refusing to permit the defendant to show the meaning of the terms "breeder and foal getter," as set out in the guaranty mentioned in defendant's answer, by showing what was said between the parties at the time the guaranty was written. The meaning of the terms used seems to us clear, and we fail to perceive any materiality in the testimony offered. The question as to the condition and performance of the horse was testified to very fully by numerous witnesses, and the question as to whether he complied with the terms of the guaranty was fairly submitted to the jury.

It is also contended that the court erred in refusing to require one of the plaintiffs, Blackstock, to answer the following question: "What is your usual course with reference to commercial paper, taken in the way this was taken from Putt & Co.?" And also in refusing to require Fred. T. Putt to answer the following question: "Did you ever sell them any notes that were not good but what you would make them good?" We perceive no error in the ruling of the court on this testimony.

Counsel for the plaintiff in error also contends that the court erred in its instructions to the jury, because it failed to state that, in order to cut off defenses which the defendant might have had against the payee of the note, it must appear that the holder took the paper in the usual or regular course of business. The instructions in the case were full, and, we think, stated the law correctly. While it is true that the phrase "in the usual or regular course of business" does not occur in so many words in the instructions, we think, taken as a whole, it fairly includes the idea. We have examined

the cases cited by the counsel for the plaintiff in error from 37 Conn. 205, (*Roberts v. Hall,*) and 48 Ark. 454, (*Tabor v. Bank,*) and they uphold the doctrine, to which we assent, that in order to protect the plaintiff against defenses the paper must have been taken in the usual and regular course of business. We fail to discover anything in this case which shows that the transaction between Putt & Co. and the plaintiffs was unusual. Plaintiffs were bankers; they bought this with other notes from Putt & Co., and placed the amount paid for the notes to the credit of Putt & Co. in their general account. The transaction, so far as the evidence discloses, is entirely regular. The cases to which we are cited show an entirely different state of facts. The Connecticut case shows a transfer by the payee to the holder to collect, and apply the proceeds to pay certain debts of the payee, and the balance to be paid to the plaintiff's wife. Under these circumstances, the holder of the note could neither claim to be an innocent purchaser for value, nor to have bought the same in the usual course of business.

The question as to good faith of the plaintiffs in purchasing the note was fairly submitted to the jury; the jury found a verdict for the plaintiffs for $100 only. If the plaintiffs were *bona fide* holders of the notes, in such manner as to cut off all defenses existing between the original parties to the instrument, they were entitled to interest as well as the principal, which plaintiff in error contends amounted to $22.35. Plaintiff in error contends, therefore, that the jury found in his favor on the question of good faith in the sale of the note by Putt & Co. to Blackstock & Co. If we concede this claim of plaintiff in error to be correct, as there was much conflicting evidence as to quality, value and performance of the horse, the verdict of the jury seems to be conclusive on the whole matter, and we do not see how he was prejudiced by a failure of the court to instruct the jury that in order to cut of defenses between the original parties the note must have been taken in the usual course of business.

On the whole record we find no substantial error prejudicial to the defendant below, and the judgment will be affirmed.

All the Justices concurring.