## 6163. YOUNG *v.* DUBLIN FERTILIZER WORKS.

BROYLES, J. The plea that the note sued on was void because executed on Sunday was not sustained by the evidence. From the agreed statement of facts it appears that although the note was signed by the principal maker on Sunday, it was not signed by the surety or delivered to the payee or to any one for the payee until afterward, on a week-day; and it appears that it was not for a debt contracted on Sunday, but was in renewal of a note for fertilizer sold on a week-day. Delivery is essential to the validity of a promissory note, and a note signed on Sunday but not delivered on that day is not a contract made on Sunday. See

*Reese* v. *Fidelity Mutual Life Association*, 111 *Ga.* 482 (2), 485-6 (36 S. E. 637) ; 37 Cyc. 562. Even if the note be treated as a Sunday contract, the subsequent acts of the principal maker in procuring the signature of the surety and in delivering the note on a week-day amounted to a ratification. See *McAuliffe* v. *Vaughan*, 135 *Ga.* 852 (70 S. E. 322, 33 L. R. A. (N. S.) 255, 22 Ann. Cas. (1912A) 290) ; *Jones* v. *Belle Isle*, 13 *Ga. App.* 437 (2), 438 (79 S. E. 357). The trial judge, who by consent tried the case without a jury, did not err in rendering judgment for the plaintiff.        *Judgment affirmed.*

DECIDED JULY 31, 1915.

Complaint; from city court of Dublin—Judge Hicks. October 19, 1914.

The agreed statement of facts was as follows: "That the plaintiffs, in 1911, sold to E. Young fertilizer on a week day, Young giving his note for the same; that when the note became due in 1911, Young being unable to pay, the plaintiffs agreed to an extension if Young would give a new note with Graham as security; the agreement to extend payment was made on a week-day, and, upon Young's agreement to have Graham sign the note, plaintiffs sent the old note to M. C. Carter, of Scott, Georgia, who was the agent and representative of the plaintiffs; that Carter prepared said note sued upon on Friday, at the request of E. Young, the principal, who was to call for the same for the purpose of having it signed and returned to Carter, the agent of the Dublin Fertilizer Works; that E. Young called for the note on Sunday and signed the same on that day, and took the note for the purpose of having Graham sign; that Graham signed the note on a week-day, and some time during the week the note was returned to Carter, agent of the plaintiffs; that plaintiffs had no notice that the note was signed by either of the defendants on Sunday until some time after the note was returned to plaintiffs by their agent, M. C. Carter, and that Graham was security on the note. Counsel in the above-stated case agree on the above evidence, withdraw the case from the jury, and agree that the judge shall try the same upon the above-stated evidence without the intervention of a jury. The consideration was fertilizers, and Young was a farmer engaged in farming and purchasing guano to be used on his farm, and the note sued upon was a renewal of a guano note given for fertilizers."

*J. S. Adams*, for plaintiff in error.

*Davis & Sturgis*, contra.