*Camp & Twitty,* for plaintiff in error.
*E. L. Stephens, T. P. Stephens,* contra.

---

### 8290. CRAWFORD *v.* CITIZENS & SOUTHERN BANK.

1. The fact that the maker of a promissory note payable to and indorsed by the maker was not given the statutory notice as to attorney's fees required by § 4252 of the Civil Code of 1910, and was not sued with the other indorsers of the note, was no reason why judgment for such fees should not be rendered against those indorsers who were served with such notice and sued.

2. It is only when a conversation containing an admission is given in evidence that it is the right of the other party to introduce "the whole admission and all the conversation connected therewith." Matters wholly disconnected from the admission first offered are not admissible, even though they may be a part of such conversation.

3. "One who signs or indorses a note as surety can not in defense to an action thereon, either by the innocent payee or any other bona fide holder for value, set up that the principal maker, to whom he intrusted the note, delivered it in violation of a condition that a certain other person or persons should first sign or indorse it."

4. Under the facts of this case the plea filed by certain indorsers, that they were discharged from liability, because, for a valuable consideration, there was an extension of time to one of their cosureties, can not be sustained.

5. The testimony of the witness Sharpe, referred to in the bill of exceptions, was hearsay, and was properly excluded.
6. "The mere fact that there are conflicts in the testimony does not render the direction of a verdict in favor of a party erroneous, when it appears that the conflicts are immaterial, and that, giving to the opposite party the benefit of the most favorable view of the evidence as a whole and of all legitimate inferences therefrom, the verdict against him is demanded."

DECIDED JULY 23, 1917.

Complaint; from Toombs superior court—Judge Hardeman. December 11, 1916.

*E. J. Giles, Hines & Jordan,* for plaintiff in error.

*W. L. Wilson, Adams & Adams,* contra.

BLOODWORTH, J. The Citizens & Southern Bank filed a suit in which it alleged, that J. W. A. Crawford, T. J. Poe, S. A. McCloskey, T. R. Lee, R. L. Sharpe, and James McNatt were indebted to it on a certain note for $10,000, payable February 1, 1912, on which was credited $6,103.34 on the first of March, 1913. The note was made by the Vidalia Coffin & Casket Company, was payable to the order of "ourselves," and was indorsed by the Vidalia Coffin & Casket Company and by the above-named defendants. It was alleged that the Vidalia Coffin & Casket Company had become insolvent, and had been placed in the hands of a receiver, and its assets administered, and that the said concern had ceased to do business; and the plaintiff prayed judgment against the above-named defendants as indorsers. Defendants T. J. Poe, T. R. Lee, and R. L. Sharpe at the appearance term of the court filed a plea in which they denied indebtedness to the plaintiff on said note for any amount, denied liability for attorney's fees, because notice as to attorney's fees "was not given to the Vidalia Coffin & Casket Company, one of the joint obligors on said note; and they say they are not liable for said attorney's fees without suit on said note against said company and without notice to it." Defendants further pleaded that they were accommodation indorsers, and that "at or about the maturity of said note, to wit, February 1st, 1912, the plaintiff, for a valuable consideration, at the instance and request of the said Vidalia Coffin & Casket Company, the maker of said note, and James McNatt, one of said accommodation indorsers and sureties on said note, without the knowledge and consent of these defendants, extended the payment of said note from February 1st, 1912, to May 1st, 1912; and . . that, by said ex-

37

tension of the time of the payment for the sued upon note in this case by the plaintiff for a valuable consideration, for said time and period, they were discharged from all liability on said note." Defendants also pleaded that they signed the note sued on "under an agreement and resolution of the board of directors of said company that said note was not to be traded and discounted [until endorsed?] by all the directors of said company; that in violation of said agreement, which was well known to said James McNatt, one of said indorsers, said company traded said note without the said note being indorsed by two of the directors of said company, to wit, W. L. Tidwell and Ira T. McLemore, who were then and still are amply solvent; that said James McNatt, one of said accommodation indorsers and sureties, is now the owner and holder of said note, and that the plaintiff is not now and was not at the time of the bringing this suit, the owner and holder of said note, as these defendants are informed and believe, and said James McNatt knew of said agreement by which said note was not to be traded until it was indorsed by said will of the directors of said company; that said James McNatt and said company traded said note to the plaintiff in violation [of said agreement?]; that said suit is now proceeding for the benefit of said James McNatt, as these defendants are informed and believe, and these defendants say they are not liable on said note for the reasons aforesaid."

On February 28, 1916, defendants amended their plea, as follows: "On January 2d, 1914, in the City of Savannah, the note sued upon was fully paid by the defendant James McNatt, by his giving note to plaintiff for the sum of $4,885.79, due six months after date, which said note embraced the principal and interest due on the note sued upon up to January 2d, 1914, and that on January 2d, 1914, said note was surrendered and delivered by plaintiff to said James McNatt; that these defendants are accommodation indorsers and sureties upon the note sued upon in this case; that on January 2d, 1914, plaintiff took in payment of the note sued upon in this case the note mentioned and described in the first paragraph of this amendment; that in said note collateral was pledged by said James McNatt to plaintiff, to wit: order on receivers of Vidalia Coffin & Casket Company to pay money collected for the account of James McNatt; that this was done without the knowledge and consent of these defendants; that the contract sued

upon was charged [changed?] and a motion [novation?] thereof thus made; and these defendants admit that they have been discharged from all liability on said note by reason of the foregoing fact."

The case proceeded to trial, and, after the evidence was all in, a verdict was directed for the plaintiff, for the full amount of principal, interest, and attorney's fees sued for.

1. There is no merit in the contention of defendants that attorney's fees should not have been awarded because of the fact that the Vidalia Coffin & Casket Company, maker and indorser of the note, was not sued, and because no notice was given it in reference to these fees. These defendants were accommodation indorsers, and therefore sureties upon the note. "The principal and surety on a note are jointly and severally liable." *Armstrong* v. *Citizens etc. Bank,* 145 *Ga.* 864 (90 S. E. 46) ; *Heard* v. *Tappan,* 116 *Ga.* 933 (43 S. E. 375). "Upon a joint and several obligation to pay attorney's fees, one defendant may be held liable therefor, although his codefendant, or joint promisor, is relieved from liability through failure of the plaintiff to give the statutory notice." *Savannah Bank & Trust Co.* v. *Purvis,* 6 *Ga. App.* 275 (4), 279 (65 S. E. 35).

2. The following evidence of E. J. Giles was ruled out on objections by plaintiff, to wit: "In these conversations that Judge Adams [counsel for plaintiff] has been asking me about, Mr. McNatt, in the conversation with him this morning, said that the note sued upon belonged to him." Defendants insist that this ruling was error, "because, counsel for plaintiff having gone into these conversations, these defendants were entitled to all of the conversation, and especially to what McNatt said therein in reference to the ownership of the note sued upon." Each ground of a motion for a new trial must be complete without reference to the brief of evidence. There is nothing in this ground of the motion to show what "these conversations" were, and nothing to show that "the conversation with him this morning" contained any admission; and it is only "when an admission is given in evidence, it is the right of the other party to have the whole admission and all the conversation connected therewith." Civil Code (1910), § 5783. Matters wholly disconnected from the part first offered are not admissible, even though a part of such conversation. *Brown* v. *State,*

119 *Ga.* 572 (5), 575 (46 S. E. 833). Besides, the testimony of Giles quoted above is clearly hearsay.

3. Objection is made that the court refused to allow the witness to answer the following question: "When that note [referring to the note sued upon] was indorsed by the gentlemen whose names are on the back of it, what was the agreement, if any, as to who should indorse that paper before it was delivered or traded?" it being stated that "the defendants could prove by this witness that the note sued upon was indorsed by the present indorsers for the maker, with the understanding with the maker and among all of them that the paper was not to be traded until Mr. McLemore and Mr. Tidwell had indorsed it; that these two gentlemen were solvent, are still solvent, and able to respond to any judgment on this paper." There is no allegation that when this note was traded to the bank it had any notice whatever of such a condition. "One who signs or indorses a note as surety can not in defense to an action thereon, either by the innocent payee or any other bona fide holder for value, set up that the principal maker, to whom he intrusted the note, delivered it in violation of a condition that a certain other person or persons should first sign or indorse it. *Clarke* v. *Bryce,* 64 *Ga.* 486; *Bonner* v. *Nelson,* 57 *Ga.* 433." *Hancock* v. *Empire Cotton Oil Co.,* 17 *Ga. App.* 188 (86 S. E. 441).

4. In their answer the defendants who pleaded urged that they were discharged from liability because for a valuable consideration there was an extension of time to one of their cosureties. Under the facts of this case such a plea can not be sustained. It will be noticed that this alleged agreement was between the original creditor and one of the cosureties. It is not pretended that any arrangement of any sort was made with the principal debtor, and the evidence shows that no valuable consideration was paid, and no one of the sureties was released or compounded with.

5. The court did not err in ruling out testimony of R. L. Sharpe as set out in the bill of exceptions, as the same was clearly hearsay.

6. The court properly directed a verdict for plaintiff. "The mere fact that there are conflicts in the testimony does not render the direction of a verdict in favor of a party erroneous, when it appears that the conflicts are immaterial, and that, giving to the

opposite party the benefit of the most favorable view of the evidence as a whole and of all legitimate inferences therefrom, the verdict against him is demanded." *Sanders Mfg. Co.* v. *Dollar Savings Bank,* 110 *Ga.* 559 (35 S. E. 777); *Skinner* v. *Braswell,* 126 *Ga.* 761 (2) (55 S. E. 914).

*Judgment affirmed. Broyles, P. J., and Jenkins, J., concur.*