### 10452.   WHITE *et al.* v. STALLINGS.

BLOODWORTH, J. The record in this case does not show that the court erred either in striking the plea of the defendants or in thereafter directing a verdict for the plaintiff.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED NOVEMBER 4, 1919.

Complaint; from Monroe superior court—Judge Searcy. February 10, 1919.

Stallings sued White and Manning on a promissory note for the purchase price of a mare. The defendants filed answers in which they admitted the execution of the note but denied indebtedness thereon, and alleged that "plaintiff sold said note to S. Silver, who afterwards brought trover suit in the city court of Barnesville against —————— and recovered a judgment for the amount of said note, which judgment has been paid off and settled in full." Manning alleged also that "while his name appears on said note as joint maker, he had no connection with said transaction, and thought he signed said note only as a witness, but through an oversight signed the wrong line, which makes him appear as joint maker." The defendants offered as an amendment a certified copy of a trover suit of S. Silver against Warren Jenkins, and of a judgment for the plaintiff therein, in the city court of Barnesville, in which the property sued for was described as in the above-

mentioned note,—one bay mare six years old and weighing about 800 pounds. The court, on motion of the plaintiff's counsel, on the ground that no legal defense was set forth, struck the answers; the court then directed a verdict for the plaintiff, and the defendants excepted.

*B. H. Manry, A. M. Zellner,* for plaintiffs in error.
*James M. Smith,* contra.