14012. THOMPSON *v.* BANK OF CHATSWORTH.

BELL, J. 1. That a person whose name appears as the maker of a negotiable note "signed and delivered it merely as an accommodation maker, without filling various blanks therein, and with the understanding that the person to whom he delivered it might thereafter fill the blanks and insert a certain amount and use the note for that person's benefit, but only in the event that the signer should thereafter consent to the completion of the note and to its use, and that thereafter a larger amount was inserted and the note used without his knowledge or consent, would not . . constitute a valid defense against a bona fide transferee for value and before maturity. When one of two innocent persons must suffer by the act of a third person, he who puts it in the power of the third person to inflict the injury must bear the loss." *Hancock* v. *Empire Cotton Oil Co.,* 17 *Ga. App.* 170 (1) (86 S. E. 434);

*Atlanta National Bank* v. *Bateman,* 21 *Ga. App.* 624 (3) (94 S. E. 853).

2. "'Where a party to commercial paper intrusts it to another with a blank thereon designed to be filled up with the amount, such party is liable to a bona fide holder of the instrument for the amount filled in, though it be larger than was stipulated with the person to whom immediate delivery was made.' 3 R. C. L., 1012, 220." *Hancock* v. *Empire Cotton Oil Co.,* supra.

3. "It may be stated as a general rule, which is unquestionably applicable to all simple contracts in writing, and, according to some authorities, also to specialties, that where a person intending to enter into a contract delivers a writing containing blanks, evidently meant to be filled, this creates in the receiver, and, at least in the case of negotiable paper, in his transferees, an implied authority to complete the instrument by filling the blanks in the way apparently contemplated by the maker with matter in general conformity to the character of the writing." 2 Am. & Eng. Enc. Law (2d ed.), 253; *Hancock* v. *Empire Cotton Oil Co.,* supra.

4. "It seems to be well settled in the United States that one who takes a negotiable instrument knowing that it contained blanks when it was delivered, will not thereby be put upon inquiry as to the extent of the agent's authority to fill these blanks, and may recover notwithstanding the authority given has been exceeded." The rule is not altered by the fact that blanks apparently intended to be supplied are filled out in the transferee's presence or even by the transferee himself, by the agent's authority, when the instrument is offered for negotiation. 4 Am. & Eng. Ency. Law, 338; *Huntington* v. *Branch Bank,* 3 Ala. 186 (1); *Chemung Canal Bank* v. *Bradner,* 44 N. Y. 680 (2); *Joseph* v. *First National Bank,* 17 Kan. 256 (1).

5. While the plaintiff bank in the instant case was merely the payee of the note which the plaintiff in error signed in blank as an accommodation indorser or surety for the maker, yet the bank is in the position of an innocent transferee or holder as to the implied power given by the surety to the principal to fill in the blanks, and is entitled to the application of the foregoing principles, it not appearing that the bank had knowledge that the private agreement between the surety and the principal was violated, and the filling in of the blanks being apparently with such implied authority. The note sued on was filled in for the same amount as a previous note of the principal for which it was given in renewal, but which, according to the agreement, was to be reduced by a payment by the principal debtor. 3 R. C. L., 874, 59, and 1011, § 220; *Crawford* v. *Citizens & Southern Bank,* 20 *Ga. App.* 576 (3), 580 (93 S. E. 173).

6. "One who signs or indorses a note as surety can not in defense to an action thereon, either by the innocent payee or any other bona fide holder for value, set up that the principal maker, to whom he intrusted the note, delivered it in violation of a condition that a certain other person or persons should first sign or indorse it." Knowledge of the facts in the holder at the time of taking must be shown. *Clarke* v. *Bryce,* 64 *Ga.* 486; *Bonner* v. *Nelson,* 57 *Ga.* 433; *Hancock* v. *Empire Cotton Oil Co.,* supra; *Crawford* v. *Citizens & Southern Bank,* supra.

7. "It is an elementary rule of construction, as applied to a pleading,

that it is to be construed most strongly against the pleader; and that if an inference unfavorable to the right of a party claiming a right under such a pleading may be fairly drawn from the facts stated therein, such inference will prevail in determining the rights of the parties." (*Krueger* v. *MacDougald*, 148 *Ga.* 429 (1), 96 S. E. 867). Where pleadings do not make distinct and positive allegations, but are couched in ambiguous or uncertain expressions, on demurrer they will be given the construction most unfavorable to the pleader. *Baggett* v. *Edwards*, 126 *Ga.* 463 (1) (55 S. E. 250). This rule is applied in the next two paragraphs.

8. The averment that on the day after the signing of the note by the plaintiff in error "he called the bank by telephone" and communicated the conditions to one whose voice "he took to be" that of the assistant cashier was fatally defective as a plea of knowledge in the bank. It is not a sufficiently positive allegation of a necessary fact. See *Planters Cotton Oil Co.* v. *Western Union Telegraph Co.*, 126 *Ga.* 621 (1) (55 S. E. 495, 6 L. R. A. (N. S.) 1180); *Rome Furnace Co.* v. *Patterson*, 120 *Ga.* 521 (48 S. E. 166).

9. Similarly, a plea merely that the defendant "is advised" that the plaintiff had surrendered certain security for the payment of the note, thereby increasing the defendant's risk, is insufficient. See also *Girvin* v. *Georgia Veneer Co.*, 143 *Ga.* 762 (85 S. E. 922).

10. It is pleaded that the note is void for having been signed by the plaintiff in error on Sunday, January 16. It was to be negotiated in renewal of part of a previous note of the principal, and, as sued on, bears date of January 18. There is no allegation that it was delivered to the bank on Sunday, or that the bank knew he had signed it on that day (except in an alleged amendment which cannot be considered), or that the note was executed in the ordinary calling of the plaintiff in error or of the principal. This part of the plea was properly stricken. *Young* v. *Dublin Fertilizer Works*, 16 *Ga. App.* 651 (85 S. E. 941); *Ball* v. *Powers*, 62 *Ga.* 757 (1); *Harrison* v. *Powers*, 76 *Ga.* 218 (1); *Hall* v. *Langford*, 18 *Ga. App.* 73 (3) (88 S. E. 918).

11. The bill of exceptions contains a recital that an amendment to the answer was "filed," but no assignment upon any ruling thereon. The amendment was not allowed, and cannot be considered.

12. The court did not err in sustaining the demurrer to the plea, or in thereafter directing a verdict for the plaintiff.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JUNE 25, 1923.

Complaint; from Murray superior court — Judge Tarver. August 19, 1922.

*C. N. King,* for plaintiff in error.

*J. M. Sellers,* contra.