HOLLAND CITY STATE BANK *v.* AHDAWAGAM FURNI-
TURE CO.

1. CORPORATIONS—BILLS AND NOTES—LIABILITY OF INDORSERS ON
   CORPORATION NOTE—NOTICE.
   In an action by a bank against a corporation and some
   of its directors who were indorsers on the company note
   sued on, where it appears that the plaintiff, with the pro-
   ceeds of the note, canceled certain past-due paper of the
   company and remitted the remainder in cash, the defense
   of the directors that they were liable for no more than
   the amount remitted in cash to the company, *held*, without
   merit, in the absence of any showing that plaintiff knew
   of any such understanding among defendants.

2. SAME—PRINCIPAL AND AGENT.
   The secretary of defendant company, in procuring in-
   dorsements on the renewal note and in forwarding it to
   plaintiff, acted as the agent of defendants and not of
   plaintiff, and any neglect to procure on the renewal note
   all of the indorsers on the first note was their action and
   not plaintiff's.

3. SAME—BILLS AND NOTES—INDORSERS—NOTICE.
   Acceptance by plaintiff of a renewal note with only part
   of the indorsers thereon who indorsed the first note, *held*,
   no defense, in an action thereon, where the evidence shows
   that plaintiff accepted the note without notice of any agree-
   ment as to who the indorsers should be.

Error to Ottawa; Brown (William B.), J., presid-
ing. Submitted January 23, 1924. (Docket No.
126.) Decided April 10, 1924.

Assumpsit by the Holland City State Bank against
the Ahdawagam Furniture Company and indorsers on
a promissory note. Judgment for plaintiff. Defend-
ant indorsers bring error. Affirmed.

*John M. Dunham* (*Louis H. Osterhous*, of counsel), for appellants.

*Charles H. McBride*, for appellee.

CLARK, C. J.    Plaintiff bank loaned the Lanz Furniture Company, a corporation, $5,000 upon its note, indorsed by five, perhaps six, of its directors.    Pursuant to negotiations with the secretary and treasurer of the maker, and before the loan, plaintiff sent to it a note in blank for signature, stating "same to be signed by Lanz Furniture Company and indorsed by" six directors, naming them.    The corporate name of the maker was changed to Ahdawagam Furniture Company, defendant herein.    When the note came due, it was paid in part, and a new note for $4,500 was given, made by defendant corporation and indorsed by four of its directors, also defendants herein.    When the second note came due, it was paid in part, and a new note for $4,200 was given, maker and indorsers being same as on the second note.    The first two notes were surrendered to the maker.    Plaintiff sued maker and indorsers on the third note.    The cause was tried without a jury.    Plaintiff had judgment.    Defendant indorsers bring error.

1. Upon receiving the first note, plaintiff bank paid two past-due notes, aggregating nearly $2,500, of defendant company, then at the bank for collection, and remitted the remainder to said defendant.    Appellants say that they indorsed, not to pay past-due paper of the company, but to provide funds for its other pressing needs, and that in any event they are liable for no more than the amount remitted in cash to their company.    It is not shown that plaintiff knew of any such understanding among defendants. Plaintiff paid such notes with the consent of the secretary and treasurer of defendant company.    The matter was entered in the books of defendant company

and, if not known, ought to have been known to its directors, the indorsers, at the time of indorsing the note in question. This defense is without merit.

2. Appellants also contend:

"Plaintiff bank, by accepting the renewal notes with the signatures of only four of the six who originally indorsed the paper, as requested by the bank, &ast; &ast; &ast; effected a material alteration, and absolved the individual defendants herein from all liability."

There was testimony that some of appellants did not know, until after the last note was due, that Lanz, president of defendant company at the time of giving the first note (removed when later notes were given) and an indorser on it, and Sherwood, secretary and treasurer, and, perhaps, an indorser on the first note, had not indorsed the later notes. This testimony is contradicted by other evidence. This issue was not determined by the trial judge, and we need not determine it. When the first note was made, certain indorsers were agreed upon. It was not contemplated that other note or notes were to follow. Plaintiff then wrote to defendant company, "it being understood that note is to be paid when due." There was no agreement or understanding with the bank that only certain named indorsers would be accepted on the later notes. Neither the bank nor any of its agents passed the note in question, so indorsed, to the payee. Defendants themselves did that. The bank did not procure the indorsements. The note in question, having been signed by defendant company, was handed around for indorsement, principally by Sherwood, and by him forwarded to the bank. If in that he was unfair to the indorsers, the act was theirs, not the bank's. The maker, by Sherwood, was, in that regard, the agent of defendants. The evidence shows that the bank accepted the note in question, without notice of this defense. The general rule is that this

defense is not available to defeat an action by a payee without notice.     1 Joyce on Defenses to Commercial Paper (2d Ed.), §§ 489, 490.

"That a director of a corporation indorsed its note before delivery, subject to the condition that his indorsement was to become binding only when all the officers and directors had indorsed it, breach of such condition did not constitute a defense, in the absence of proof that the payee had notice thereof when it took the note."     Syllabus of *Brooke* v. *W. P. Rutland & Co.*, 15 Ga. App. 26 (82 S. E. 580).

"Surety who signs negotiable note with agreement that it is not to be delivered to the payee until it is signed by other sureties cannot, as against an innocent payee without notice, set up the fraud of the maker in delivering it without the signatures of the additional sureties.     He is regarded as having constituted the maker his agent to negotiate the note, and having clothed him with the means of perpetrating the fraud, he must bear the loss."     Syllabus of *Tabor* v. *National Bank*, 48 Ark. 454 (3 S. W. 805, 3 Am. St. Rep. 241).

The assignments present no reversible error.
Judgment affirmed.

McDONALD, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.