FIRST NATIONAL BANK OF YPSILANTI *v.* APEX MOTOR CORPORATION.

BILLS AND NOTES—INDORSERS—NOTICE.

In an action against indorsers on a renewal note given by a corporation, it was no defense that said note was not indorsed by one of the original indorsers, where the maker acted for the indorsers in procuring the signatures, and there is no evidence of any agreement that renewal notes were to be signed by him, or that the payee had notice of any such agreement.

Error to Washtenaw; Sample (George W.), J. Submitted April 25, 1924.    (Docket No. 90.)    Decided June 2, 1924.

Assumpsit by the First National Bank of Ypsilanti against the Apex Motor Corporation and others on a promissory note. Judgment for plaintiff on a directed verdict. Defendants bring error. Affirmed.

*John P. Kirk* and *Arthur Brown,* for appellants.

*Cavanaugh & Burke* (*Henry C. Bogle,* of counsel), for appellee.

CLARK, C. J. Plaintiff bank agreed to and did loan $10,000 to defendant corporation on its note, indorsed by four of its officers, Todd, Guy, Matthews and Heinz. At the making of the first renewal note, Heinz was dropped as an indorser at the request of the maker and remaining indorsers and by consent of the bank, and the note was indorsed by Todd, Guy and Matthews. Subsequent renewal notes were indorsed by Todd and Guy, not by Matthews. The maker, acting for itself and the indorsers, obtained the signatures of indorsers and delivered the notes to the bank. The bank sued on the last note, having returned former notes to the maker. The indorsers, Todd and Guy, defended—

"upon the principle that if they indorsed only on condition that Matthews would also indorse, and if the plaintiff knew of this condition when it accepted the note, then the plaintiff cannot hold these defendants liable on their indorsements after releasing Matthews without their knowledge or consent."

A verdict was directed for plaintiff and judgment entered thereon. Defendant indorsers bring error.

There is no evidence that, after the first renewal, there was any agreement or understanding with the bank that any further renewal notes were to be indorsed by Todd, Guy and Matthews. Nor is there any evidence that the bank had notice of any agreement or understanding by and between the indorsers

that subsequent renewal notes were to be indorsed by the three persons named.   The maker acted for the indorsers to procure the signatures.   It, by its agents, obtaining signatures of Todd and Guy, delivered the note so indorsed to the bank.   The failure of the maker to obtain Matthews' signature was an act of defendants themselves, for which, as against the bank, they must bear the consequences.   The bank accepted without notice of this defense.   A case parallel in facts and in applicable law is *Holland City State Bank* v. *Furniture Co.*, 226 Mich. 653.   The opinion in that case is accessible.   We need not quote from it.

Judgment affirmed.

MCDONALD, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.