### 15536.   PATTERSON *v.* LEGGETT.

1. Assuming that one who has signed a note in such position upon the paper that he appears as a joint maker with another or others might, in a suit against him by one who was not an innocent holder for value, set up as a defense that he signed in that position by ignorance and mistake, and intended to subscribe his name only as a witness to the signature of the maker under whose name he signed, he would have the burden of proving that the plaintiff was not a holder bona fide, or not a holder for value, before he could be let in to the defense.

2. While it is true that "any circumstances which would place a prudent man upon his guard, in purchasing negotiable paper, shall be sufficient to constitute notice to a purchaser of such paper before it is due" (Civil Code of 1910, § 4291), still the evidence in this case, as summarized in the opinion, without more, was insufficient to show that the plaintiff, who was a holder for value, took the note with knowledge that the defendant, in signing it as an apparent joint obligor, nevertheless intended only to become a subscribing witness to the signature of one of the makers. The verdict found for the defendant was unsupported and unauthorized, and it was error to overrule the plaintiff's motion for a new trial.

DECIDED DECEMBER 18, 1924.

Complaint; from city court of Baxley—Judge Speer.   March 8, 1924.

*V. E. Padgett,* for plaintiff.

*Wade H. Watson,* for defendant.

BELL, J.   This was an action by Patterson against J. H. Yawn,

M. L. Hardin (Yawn's mother), and Mrs. Addie Leggett (his sister), upon a promissory note. Mrs. Leggett alone defended, pleading that she signed the note not intending to become bound as a party, but intending merely to witness the signature of her mother, who signed by mark, and that it was the result of ignorance and mistake on her part that her signature was placed in such position upon the paper as .to make her appear as one of the obligors. A verdict was found in her favor, and the plaintiff has excepted to the refusal of his motion for a new trial. There was no demurrer to the plea and no ruling has been invoked as to the validity thereof, but a new trial is sought upon grounds going solely to the sufficiency of the evidence to let in the defense pleaded. We will, therefore, assume, without an adjudication, that the plea set forth a valid defense. On this question see *Barco* v. *Taylor*, 5 *Ga. App.* 372 (63 S. E. 224) ; *White* v. *Stallings*, 24 *Ga. App.* 314 (100 S. E. 761).

The only facts and circumstances relied upon to show that the plaintiff took the note with knowledge of the purpose and intention with which the defendant signed it were as follows: The plaintiff agreed to sell a mule to Yawn at a certain price, provided he would give a note with good personal security. On the note being prepared and delivered to him for the purpose of having it executed, he inquired of the plaintiff if his mother or an uncle would be satisfactory. The plaintiff, after first being advised by another person present that "either one was good," replied to Yawn, "All right, just get me a good note." On being informed by Yawn that his mother could not write, the plaintiff told him that if he got his mother to sign he should get some one to witness her signature. Subsequently Yawn returned to the plaintiff's office with the note signed by himself, his mother (by her mark), and Mrs. Leggett, all apparently as joint obligors, but with no signature purporting to be that of a subscribing witness. The plaintiff then suggested that Yawn take the note to a certain notary public and have him "witness" it. The notary public subscribed his name as a witness as requested, though it is apparent that he had not seen any of the parties execute it. The note was then brought back and delivered to the plaintiff, whereupon the plaintiff delivered to Yawn the mule.

It was the defendant's burden, of course, to rebut the presumption existing in the plaintiff's favor under the Civil Code, § 4288,

before she could be let in to her alleged defense. *Thompson* v. *Bank of Chatsworth,* 30 *Ga. App.* 443 (5) (118 S. E. 470). There can be no possible contention that the plaintiff did not take the note for value.

On the question of notice, it is true that "any circumstances which would place a prudent man upon his guard, in purchasing negotiable paper, shall be sufficient to constitute notice to a purchaser of such paper before it is due" (Civil Code of 1910, § 4291). Still the evidence in this case as summarized above, without more, was insufficient to put the plaintiff upon notice that the defendant in signing the note did so with the purpose only of becoming a subscribing witness to the signature of her mother. Thus, whether the plea set forth a valid defense or not, it was not available, because it conclusively appeared that the plaintiff was a holder for value, and the circumstances in evidence were not sufficient to charge him with notice. The verdict found in the defendant's favor having been unauthorized, the judge erred in overruling the plaintiff's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*