## EASTLICK *v.* SOUTHERN RAILWAY COMPANY.

Since ordinary hearsay testimony is not only inadmissible but wholly without probative value, its introduction without objection does not give it any weight or force whatever in establishing a fact.

Submitted June 24,—Decided July 24, 1902.

Case. Before Judge Reece. City court of Floyd county. September 5, 1901.

*W. J. Neel* and *J. M. Neel,* for plaintiff.
*Shumate & Maddox* and *Harris, Chamlee & Harris,* contra.

LUMPKIN, P. J. Mrs. Eastlick brought against the Railway Company an action for the homicide of her husband; was nonsuited, and thereupon excepted. She introduced at the trial evidence warranting a finding that the deceased was killed by the running of a train of the defendant. She also introduced testimony tending to show that the engineer in charge of the train made, after the homicide, certain declarations to the effect that the deceased was sitting upon the track, "with his hands up to his jaws," when his presence was discovered. Without objection from the plaintiff, several of the witnesses introduced in her behalf were permitted, on cross-examination by the defendant's counsel, to state in detail all that the engineer said on that occasion. If the declarations on his part which were testified to were true, he exercised such diligence in the premises as would undoubtedly relieve the company from all liability from the homicide. There can be no question that the plaintiff, but for the testimony with respect to these declarations of the engineer, would have been entitled to go before the jury; for the evidence as to the cause of her husband's death, in connection with the legal presumption of negligence against the company, was suf-

ficient to make out in her behalf a prima facie case. Ought she to have been denied the privilege of having the jury pass upon the case merely because of the introduction of the hearsay testimony above pointed out? We think not. Such testimony, save as to well defined exceptions, is inadmissible for any purpose, because it is wholly without probative value. The fact that it is admitted can not give it any such value. In other words, testimony of this character which does not come within any of the exceptions just referred to is, in legal contemplation, wholly worthless, and has been so regarded and treated through all the ages of the English law. While a party who permits hearsay testimony to be introduced without objection, or who has himself introduced such testimony, will not be heard to complain of the fact that it went to the jury, and must suffer whatever disadvantage may come of their giving it sufficient weight to turn the scale against him when there is enough legal testimony before them to support a finding in favor of his adversary, it will not do to say that such a finding, resting upon hearsay testimony alone, can lawfully stand merely because the losing party did not object to such testimony when offered by his adversary, or himself introduced the same. No plaintiff should ever, under any circumstances, lose his case when there is evidence to warrant a recovery by him, and the verdict or judgment in favor of the opposite party has nothing upon which to rest but inadmissible hearsay testimony.

It ought not to require the citation of authority to establish the soundness of these time-honored and thoroughly settled propositions. We will, however, as it happens to be before us, call attention to the case of State Bank *v.* Woody, 10 Eng. (Ark.) 638, which upon its facts is closely in point and in which it was held that: " Hearsay is inadmissible, not only because it supposes better evidence in existence, but on account of its intrinsic weakness and incompetency to satisfy the mind ; and the admission of this kind of evidence without objection does not give it any new attribute or weight, its nature and quality remaining the same so far as its intrinsic weakness and incompetency to satisfy the mind are concerned." In the opinion delivered by Mr. Justice Scott he makes it very clear that ordinary hearsay testimony should not be treated as sufficient to establish any fact. Our own case of *Barclay* v. *Waring,* 58 *Ga.* 86, is on the same line, and affords an apt illus-

tration of the application of the rule that testimony which is incompetent and inadmissible because the law stamps it as wholly unworthy of consideration or credit can not, merely because it may not have been challenged on the trial of a case, be treated by a reviewing court as having any probative force or value whatever. The present case ought to have gone to the jury. Had it been submitted to them, and the engineer had as a witness testified without contradiction to the truth of the statements embraced in his alleged declarations, a verdict for the defendant would have been well warranted.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*