## PLANTERS COTTON OIL COMPANY v. WESTERN UNION TELEGRAPH COMPANY.

In a suit for damages against a telegraph company for failure to deliver a telegraphic message, it is necessary for the plaintiff to show that the message was in fact delivered for transmission. This is not accomplished by proof that the plaintiff's agent, in an attempt to deliver the message for transmission, used the telephone, calling upon the telephone company for a connection with the office of the telegraph company, and, upon being answered by one supposed to be in the telegraph office, asked, "Is that the Western Union Telegraph office?" and, upon being assured in the affirmative, repeating, to the person so answering, the message intended to be sent; it not appearing that the agent of the plaintiff recognized the voice of the person who answered him, as being the voice of one of the agents of the telegraph company, and it not being otherwise known to him or shown that the person to whom he was talking was the agent of the telegraph company.

The evidence was not sufficient to support a verdict in favor of the plaintiff, and the jury properly found, under the direction of the court, in favor of the defendant. There was not sufficient error upon any ruling of the court to reverse the judgment, for any reason assigned.

Argued June 8,—Decided November 9, 1906.

Action for damages. Before Judge Eve. City court of Richmond county. January 8, 1906.

*William H. Fleming,* for plaintiff, cited 3 Wigmore's Ev. § 2155; 16 Cyc. 1072; 17 Id. 411; Reynolds' Steph. Ev. 27; Wolfe v. Mo. Pac. Ry. Co., 97 Mo. 481 (10 Am. St. 336); Oskamp v. Gadsden, 35 Neb. 7 (37 Am. St. 428, 17 L. R. A. 440, and notes); Globe Printing Co. v. Stahl, 23 Mo. App. 451.

*George H. Fearons, Dorsey, Brewster & Howell,* and *William H. Barrett,* for defendant, cited Vaughn v. State, 130 Ala. 18 (30 So. 669); Murphy v. Jack, 142 N. Y. 215 (36 N. E. 882); People v.

McKane, 143 N. Y. 455 (38 N. E. 950) ; Thompson & Walkup Co. *v.* Appleby, 5 Kan. App. 680 (48 Pac. 933) ; Swing *v.* Walker, 27 Superior Court (Pa.), 376; Shawyer *v.* Chamberlain, 113 Iowa, 742 (84 N. W. 661) ; Reed *v.* Burlington R. Co., 72 Iowa, 166 (2 Am. St. 243) ; Mo. Pac. Ry. Co. *v.* Heidenheimer, 82 Tex. 195 (27 Am. St. 861-66) ; Young *v.* Seattle Transfer Co., 33 Wash, 225 (74 Pac. 375) ; Obermann Brewing Co. *v.* Adams, 35 Ill. App. 540; Galt *v.* Woliver, 103 Ill. App. 74; *Harris Loan Co.* v. *Elliott,* 110 *Ga.* 302; *Amicalola Co.* v. *Coker,* 110 *Ga.* 872; *Almand* v. *Eq. Mtge. Co.,* 113 *Ga.* 984.

ATKINSON, J. This was an action for damages arising from an alleged failure of the Western Union Telegraph Company to transmit and deliver a message. Under the view we take of the case, the controlling question is as to whether or not the defendant ever received the message from the plaintiff for transmission. If the defendant did not receive the message for transmission, of course it could not be held liable for any damage to the plaintiff on account of the failure to communicate the matter to the person for whom the message was intended. It appeared on the trial that Mr. Wallace, who was manager for the plaintiff, desiring to· send a message to Ravenel & Company of New York, being at his residence, telephoned the message to the stenographer in his office, who reduced it to writing. The stenographer testified that he "wrote it off and telephoned it to the Western Union office." The stenographer also testified that it had been their "custom to deal with the defendant over the telephone. The place of business of the plaintiff is . . ' about 2 or 3 miles from the office of the defendant. We received and sent all messages over the telephone, and at the end of the month the defendant would send a bill." The message intended to be sent was a reply to a message from Ravenel & Co., which the stenographer testified he "had received over the telephone from the Western Union office." The stenographer testified further : "When I called up the telephone, I asked for the Western Union Telegraph Company's office. On such occasions I always ask, 'Is that the Western Union office?', and they say, 'Yes,' and I say, 'This is the Planter's Cotton Oil Company. Take a message,' and they take it down and repeat it over to me. After taking down the message, he repeated it back to me, and it was all right." The same witness further testified : "I know Mr. Tetrea,

Mr. Deas, and Mr. Britton, who are employed in the Augusta office of the Western Union Telegraph Company. On the day I sent this message to Ravenel & Co. I did not talk to Mr. Tetrea about the message, nor to Mr. Britton, so far as I know. I don't know who it was I telephoned the message to. I called up the telephone, and the person at the other end said that was the Western Union Telegraph Company. Except the statement that came to me over the 'phone that day, I didn't know that the party answering worked for the Western Union Telegraph Company. . . I didn't recognize the voice that answered the telephone that day. It was a voice that I was not accustomed to as coming from the telegraph office. The person seemed rather slow in taking the message, and I knew it was not Mr. Tetrea, because he was very swift in taking down a message, and I had to repeat it over one or two times." The foregoing is substantially the evidence offered by the plaintiff, referring to the delivery for transmission of the message. The defendant introduced several witnesses, but they did not strengthen the plaintiff's case on that point. Among them were the employees of the defendant who were on duty at the time it is claimed by the plaintiff the message was telephoned from the office of the plaintiff to the office of the defendant, and each of them testified that he did not receive the message over the telephone. Upon the conclusion of the evidence, the court directed a verdict in favor of the defendant. The plaintiff made a motion for a new trial, which was overruled, and the plaintiff excepted, assigning error upon that judgment.

There was not sufficient evidence to support a verdict for the plaintiff. The stenographer attempted to deliver over the telephone the message intended to be transmitted. He did not see or otherwise recognize the person to whom he was speaking over the telephone, and it was impossible for him to say in fact that he was conversing with the agent of the defendant. He did not know even that he was talking into any telephone in the office of the defendant. His whole information upon that point was based upon hearsay evidence, which, although admitted without objection, was incompetent to prove the fact. See *Eastlick* v. *Southern Ry. Co.*, 116 *Ga.* 48. The telephone operator may not have connected him with the Western Union office. If such connection was in fact made, the higher and better evidence would have been the testimony of the operator of the telephone company. There is no proof that

the person who answered the plaintiff's agent at the other end of the line was the defendant's agent. The sayings of that person, under the repeated rulings of this court and the well-settled law, would not be admissible against the defendant until the fact of agency had been established. There was nothing, therefore, to show that the plaintiff's stenographer communicated with either the telegraph office or any agent of the defendant in that office. The plaintiff wholly fails to show a delivery of the message to the defendant, and there is no theory upon which the defendant could be held responsible for the damages claimed.

*Judgment affirmed. All the Justices concur.*