### 7110. STEWART *v.* FISHER, administratrix.

WADE, C. J.   I. When the plaintiff in an action pending in a court in this State dies intestate in another State, where he is domiciled, and an administratrix is appointed in the county of his demise, such administratrix may be made a party plaintiff in the pending suit, under sections 4101 and 4102 of the Civil Code of 1910. Failure to comply with the requirement that "a properly authenticated exemplification of the letters testamentary or of administration shall be filed with the clerk of the court, to become a part of the record" (Civil Code, § 4102), is ground for a nonsuit (*Mansfield* v. *Turpin*, 32 *Ga.* 260); but filing is in time where made pending the action. *Taylor* v. *McKee*, 121 *Ga.* 223 (48 S. E. 943). "It is the right of the defendant in such a case to raise an objection to the suit proceeding, upon the ground that the exemplification of the letters was not filed as required by law" (*Marshall* v. *Charland*, 109 *Ga.* 306, 307, 34 S. E. 671; *Mansfield* v. *Turpin*, supra), but "if the court should render a judgment without requiring such exemplification to be filed, it would be a mere irregularity, and would not make the judgment void" (*Marshall* v. *Charland*, supra) in a case in which the administratrix failed to file the proper exemplification before the commencement of the action. No reason appears why the same rule would not apply where the administratrix has been made a party pending the suit.

(*a*) It appears from the record in this case that the administratrix was made a party by order of the court, after the pendency of the suit brought by her intestate, and that no objection at any time to the further proceeding of the suit was made upon the ground that the exemplification required by the Civil Code, § 4102, had not been filed with the clerk of the court; and this objection could not thereafter be made in the motion for a new trial, or be raised for the first time in this court.

2. There is no merit in the ground of the motion for a new trial, in which it is complained that the court erred in admitting an exemplification of the letters of administration, signed by the judge of the county court under seal, and accompanied by a certificate likewise signed by him under seal, verifying the correctness of the exemplification of the letters of administration, and further certifying that the "county judge's court is a court of record, and probate court in and for said county and State, and that there is no official clerk of said court,"

and that the said judge was the sole presiding judge thereof, and that the seal attached thereto was the official seal of said court, and the signature of the said clerk subscribed to said certificate was genuine, etc. The exemplification sufficiently complied with the requirements of the act of Congress (Civil Code, § 5824). See also *Cow* v. *Jones*, 52 *Ga.* 438, and the discussion in *Sloan* v. *Wolfsfeld*, 110 *Ga.* 70 (35 S. E. 344).

3. The court erred in admitting testimony from the plaintiff as to a certain conversation that she had over a telephone with some person who she testified asserted that he was the defendant Stewart, but whose voice she did not recognize, and who she was unable to say was in fact Stewart. It did not appear that Stewart ever admitted having had such a conversation, and he testified positively to the contrary. The conversation included an admission as to the correctness of the plaintiff's demand, and a promise to pay the demand. Even with the qualifying instruction from the judge that he would leave to the jury the determination of the question, under all the circumstances, as to whether or not this conversation was in fact had by the plaintiff with the defendant, the admission of the testimony was necessarily harmful to the defendant. See *Planters Oil Co.* v. *Western Union Tel. Co.*, 126 *Ga.* 621 (55 S. E. 495, 6 L. R. A. (N. S.) 1180). In *Stamps* v. *Fruit Dispatch Co.*, 8 *Ga. App.* 503 (70 S. E. 81), the witness testified that he recognized the voice of the person speaking over the telephone.

4. The remaining grounds of the amendment to the motion for a new trial are without substantial merit and need not be specifically referred to.                                        *Judgment reversed.*

DECIDED SEPTEMBER 15, 1916.

Complaint; from city court of Savannah—Judge Davis Freeman. November 15, 1915.

*Osborne, Lawrence & Abrahams,* for plaintiff in error.

*Paul E. Seabrook,* contra.