## 13877.   CREEL v. WINDOM.

STEPHENS, J. 1. One who is surety upon a purchase-money note given for ,personal property may, by agreement with his principal, purchase the property from the latter by paying to the seller the outstanding indebtedness of his principal due upon the purchase-money. The principal, having thus sold the property to his surety, has by such sale divested himself of all right and title, both legal and equitable, in the property; and therefore another person afterwards purchasing the property from the principal acquires no title whatsoever to it, notwithstanding he is a purchaser bona fide, for value, without notice. *Singer Sewing Machine Co.* v. *Wardlaw,* 29 *Ga. App.* 626 (116 S. E. 547).

2. In a trover suit brought by the first-named surety against the last-named purchaser, where the evidence established the above facts, the verdict rendered for the plaintiff in an amount equal to the proven value of the property was authorized.

*Judgment affirmed.   Jenkins, P. J., and Bell, J., concur.*
DECIDED MARCH 17, 1923.

Trover; from city court of Carrollton — Judge Hood.   July 5, 1922.

*James Beall,* for plaintiff in error.


## 13896.   WOODS v. LEWIS.

STEPHENS, J. Upon an issue formed on a traverse to a garnishee's answer an alleged admission of the garnishee, made during the month of September, that the defendant, who was his cropper, would have a certain amount of the crop, consisting of an approximate amount of cotton and of an appropriate amount of corn, as the cropper's share of the crop for that year raised upon the garnishee's land, was susceptible to the construction that the crop had reached the point of development where its yield was capable of definite ascertainment; and such alleged admission can not be adjudged to be a mere speculative opinion or prophecy by the garnishee as to the yield of the crop. This evidence, when taken in connection with other evidence adduced, authorized the verdict found for the plaintiff against the garnishee.

*Judgment affirmed.   Jenkins, P. J., and Bell, J., concur.*
DECIDED MARCH 17, 1923.

Garnishment; from Pulaski superior court — Judge Graham. July 10, 1922.

*Marion Turner,* for plaintiff in error.

*F. A. Mason,* contra.