### 17033. AYERS *v.* JOHN B. DANIEL COMPANY.

1. Where the plaintiff gave an order for a chemical for treatment of apple-trees, expressly advising the dealer of the use intended, and the dealer furnished a quantity of the chemical ordered, and also, by mistake, a quantity of another chemical having a most deleterious effect upon the young fruit, foliage, and tender growth of trees when applied, and where the plaintiff, without knowing or being charged with notice of such mistake, applied the deleterious chemical to the use intended, the crop of apples having then reached the point of development where the yield was capable of ascertainment with reasonable certainty, and such application caused great and immediate damage to the trees and fruit, killing the foliage and tender growth and causing a stated portion of the fruit to shed, and where, in order to arrive at the extent of the injury, proof was offered to show the character of the soil, the condition of the fruit, the nature of the seasons, the character of cultivation as compared with like crops grown that year on lands near by, and during preceding years on the same land under similar conditions, and further proof was offered to show what was the actual yield from such injured trees, what would have been the probable yield but for the injury, what was the value of the fruit at maturity, and what was the expense of completing the culture, such proof formed a sufficient basis for the jury to pass upon the damage so occasioned, and for the reasonable ascertainment of the amount thereof. It was therefore error to reject

---

Damages, 17 C. J. p. 756, n. 69, 70; p. 760, n. 91; p. 1057, n. 56.
Evidence, 22 C. J. p. 193, n. 89, 90, 94; p. 509, n. 59; p. 584, n. 36.
Sales, 35 Cyc. p. 629, n. 89; p. 650, n. 9 New.

the testimony so offered, on the theory that such damages were too vague and speculative to authorize a recovery. It was likewise error to reject the proffered opinion testimony as to the value of the fruit so destroyed, and as to the damage thus occasioned to the trees.

2. The court erred in refusing to admit the testimony of the plaintiff's son, who as agent ordered the goods by telephone, that the person at the other end of the instrument stated that it was the named dealer, and that in so ordering the goods the witness stated to the person receiving the order the purpose for which they were to be used.

3. It was a question for the jury to decide, under the facts and circumstances, whether the plaintiff knew, or in the exercise of ordinary care ought to have known, that the goods he received were not the goods ordered.

DECIDED JUNE 15, 1926.

Action for damages; from Fulton superior court—Judge Ellis. November 3, 1925.

Application for certiorari was made to the Supreme Court.

*R. B. Lambert, Morris, Hawkins & Wallace,* for plaintiff.

*Jones, Evins, Moore & Powers,* for defendant.

JENKINS, P. J. 1. The rule against the recovery of vague, speculative, or uncertain damages relates more especially to the uncertainty as to cause, rather than uncertainty as to the measure or extent of the damages. Mere difficulty in fixing their exact amount, where proximately flowing from the alleged injury, does not constitute a legal obstacle in the way of their allowance, when the amount of the recovery comes within that authorized with reasonable certainty by the legal evidence submitted. 17 C. J. 756, 757. Accordingly, where, as in the instant case, the plaintiff proves that he gave a dealer an order for a certain drug or chemical for the treatment of his apple trees, expressly advising the dealer of the use intended, and where, instead of furnishing the product ordered, the dealer furnished a certain quantity of the product ordered, and also, by mistake, a quantity of another chemical, shown by the evidence to have a most deleterious effect upon the young fruit, foliage, and tender growth of trees when applied, and where the plaintiff, without knowing or being charged with notice of such mistake, applied the deleterious product to the uses intended, and where it is shown that at the time of the application of the deleterious product to the plaintiff's trees the crop had reached a point of development at which the yield was capable of ascertainment with reasonable certainty, in that the trees already had in existence a crop of young apples, and where it appears that

the application of the deleterious chemical caused great and immediate damage to the existing fruit, foliage, and tender growth, killing the foliage and tender growth, and causing a large and stated proportion of the fruit to shed, and where, in order to arrive at the extent of the injury, proper proof is offered to show the character of the soil, the condition of the fruit, the nature of the seasons, and the character of the cultivation, as compared with like crops grown for that year on nearby lands, and during preceding years on the same land, under similar conditions, and where, after offering to make such comparisons by evidence, proper proof is offered to show what was the actual yield from such injured trees, and what would have been the probable yield but for the injury, and what was the value of the fruit at maturity, and what was the expense of completing their culture, such proof is a sufficient basis for the jury to pass upon the damage thus occasioned, and a sufficient basis for the reasonable ascertainment of the amount of the damage.   It was, therefore, error to reject such testimony on the theory that the damages thus sought to be proved were too vague and speculative to be the basis of a recovery, and thereafter to grant a nonsuit. *Maddox* v. *Stephenson*, 60 *Ga.* 125; *Southern Ry. Co.* v. *Morris*, 119 *Ga.* 234 (2) (46 S. E. 85); *Thornton* v. *Cordell*, 8 *Ga. App.* 588 (70 S. E. 17); *National Refrigerator &c. Co.* v. *Parmalee*, 9 *Ga. App.* 725 (72 S. E. 191); *Nicholson* v. *Williamson*, 29 *Ga. App.* 692 (116 S. E. 321); *Woods* v. *Lewis*, 30 *Ga. App.* 76 (116 S. E. 542).   The cases relied upon by counsel for the defendant in error (*Butler* v. *Moore*, 68 *Ga.* 780 (45 Am. R. 508); *Savannah Chemical Co.* v. *Bragg*, 14 *Ga. App.* 371 (2) (80 S. E. 858); *Prince* v. *Evans*, 23 *Ga. App.* 660 (99 S. E. 132); *Codman* v. *Roberds*, 27 *Ga. App.* 559 (9) (109 S. E. 536); *Stafford* v. *Mock*, 31 *Ga. App.* 204 (120 S. E. 424)), in which the damages sought were adjudged to be too vague, conjectural, and speculative in character to afford a basis of a recovery, are based primarily upon uncertainty as to the cause of the alleged damages, rather than an inability to arrive at the amount.   In most of these cases it was sought to recover damages on account of a crop failure, which it was alleged was occasioned by the failure of the defendant to furnish proper fertilizer.   It is manifestly mere conjecture whether such a result was thus occasioned, or whether in-

33

numerable other causes, forces, and acts of commission and omission, entered into and controlled the final result, and not a question concerning which one could testify with any degree of reasonable certainty.  In none of these cases was an existing crop actually and immediately destroyed.  It was likewise error to reject the proffered opinion testimony as to the value of the fruit thus destroyed, and as to the damage thus occasioned to the trees. Civil Code (1910), § 5875; *Allison* v. *Wall,* 121 *Ga.* 822, 826 (49 S. E. 831); *Southern Cotton Oil Co.* v. *Overby,* 136 *Ga.* 69, 72 (70 S. E. 664).

2.   The court erred in refusing to admit the testimony of the plaintiff's son, who, after testifying that as plaintiff's agent he ordered the goods over the telephone, offered to testify that the person at the other end of the instrument stated that it was "John B. Daniel Company," and that in ordering the goods he stated to the person receiving the order the purpose for which they were to be used.  While it is true that the witness did not undertake to swear that he recognized the voice of the person with whom he talked, the cases relied upon by the defendant in error (*Planters Cotton Oil Co.* v. *Western Union Tel. Co.,* 126 *Ga.* 621 (55 S. E. 495, 6 L. R. A. (N. S.) 1180); *Stewart* v. *Fisher,* 18 *Ga. App.* 519 (3) (89 S. E. 1052); *Thompson* v. *Bank of Chatsworth,* 30 *Ga. App.* 443 (118 S. E. 470)) are not controlling, as the identity of the person with whom the agent talked is established by the filling of the order. Consequently the notice as to the purpose for which the goods were intended, as given with the order, should have been admitted in evidence. See also *Easterling* v. *Bell,* 29 *Ga. App.* 465 (2) (116 S. E. 50).

3.   It was a question for the jury to decide, under all the proved facts and surrounding circumstances, whether the plaintiff knew, or in the exercise of ordinary care ought to have known, that the goods he received were not the goods ordered.

*Judgment reversed. Stephens and Bell, JJ., concur.*