EDWARD G. WYCKOFF, &c., *v.* LEWIS L. JARRELL.

(*January* 22, 1934.)

HARRINGTON and REINHARDT, J. J., sitting.

*Ivan Culbertson* for plaintiff.

*John J. Morris, Jr.,* for defendant.

Superior Court for New Castle County, No. 73, November Term, 1931.

REINHARDT, J., delivering the opinion of the Court:

This is an action of assumpsit for breach of an alleged agreement to purchase certain shares of stock. There was a trial and verdict for the plaintiff. The defendant has moved that the verdict be set aside and a new trial granted and has filed ten reasons in support of his motion, among which are the following:

"That it was improper and clearly prejudicial to the defendant to admit the testimony of the alleged telephone conversation between the plaintiff, Mr. Euler, and the party alleged to have been the defendant, without requiring more proof of identity than was adduced at the trial.

"That, as it appeared after all of Mr. Euler's testimony had been admitted, there was insufficient evidence to sufficiently identify the defendant as the person to whom Euler claimed to have telephoned, after the latter had bought the stock, all of Mr. Euler's testimony should have been stricken out upon the defendant's motion therefor."

Mr. Euler, one of the plaintiffs, testified as follows concerning the alleged telephone conversation:

"Upon getting the report that the order had been executed according to the instructions I received from our representative, Mr. Daganis, I called Mr. Jarrell on the telephone and told him that we had bought the 500 shares of stock at 18½ and he said, 'all right.'

"Q. When Mr. Jarrell answered the telephone, what did you first say, Mr. Euler?

"A. I said, 'Is this Mr. Jarrell' to make sure that it was he that I was talking to, and he said 'yes.'

"Q. Now you stated, Mr. Euler, that you executed this order and bought the 500 shares, is that right?

"A. That is right.

"Q. And then you called Mr. Jarrell and told him that you had bought them and he said 'all right'?

"A. Yes, sir."

(On recall by the plaintiff:)

"Q. Mr. Euler, when you were testifying in your examination in chief, you testified to a conversation with Mr. Jarrell in Wilmington. Will you state to the Court and jury the instructions you gave in order to talk with Mr. Jarrell in Wilmington?

"A. I gave instructions to get Mr. Lewis L. Jarrell in Wilmington and no one else, on the telephone.

"Q. You have testified in your previous examination that when you got Mr. Jarrell on the telephone you asked him if it was he and he said it was?

".A. That is correct.

"Q. What were your words, as you recall them, Mr. Euler?

"A. I asked if I was talking to Mr. Lewis L. Jarrell, and he said 'yes' and I said in accordance with the instructions which Mr. Daganis gave me, I wanted to execute his order, in accordance with the instructions that Mr. Daganis gave me for 500 shares of Libby Owen Ford Glass Company stock at $18.50 a share.

"By Judge Rice:

"Q. Well, did you give Mr. Jarrell's address?

"A. Of Wilmington, that is all.

"By Mr. Morris:

"Q. When you got this party on the 'phone did you say 'Is this Mr. Lewis L. Jarrell' or did you say 'Is this Mr. Jarrell'?

"A. My recollection is that Mr. Lewis L. Jarrell.

"Q. It might have been Mr. Jarrell?

"A. Yes, sir."

The above is all the evidence in the case in regard to the alleged telephone conversation. The record further discloses that neither Mr. Euler, nor his telephone operator had ever called Mr. Jarrell before, nor had they, or either of them, known his telephone number, his street address or even the name of the firm with which he is connected. The telephone operator did not testify in the case, nor did any one else say what was done in regard to the telephone call pursuant to the instructions of Mr. Euler.

It, therefore, appears from the record of the telephone conversation as above set forth that there was no identification of the defendant, either directly as by familiarity with his voice, or indirectly by any circumstances proved

in the case from which such identification might fairly be inferred.

■ Other than the telephone conversation above set out, the record discloses no evidence in the case sufficient to charge the defendant with the purchase of the stock in question. The general rule is that telephone conversations, in so far as concerns their admissibility in evidence, are in the main governed by the same rule of evidence which governs the admission in evidence of oral statements made in ordinary conversation except, of course, the necessity of identification of the party against whom the conversation is sought to be used. 12 *Enc. of Ev., p.* 477.

When material to the issues, communications through the medium of the telephone may be shown in the same manner and with like effect as conversations between individuals face to face, but the identity of the party sought to be charged with the liability, must be established by some testimony, either direct or circumstantial. 2 *Jones on Ev.,* § 810. See, also, 1 *R. C. L.* 477, § 13.

Proof of identity is most readily afforded by the witness' recognition of the voice of the person with whom he was speaking. And indeed a number of cases seem to regard the witness' recognition or identification of the voice of the person with whom he spoke as essential to the admissibility of the evidence of a telephone conversation. 22 *C. J., p.* 193. While it is not always necessary that the voice of the party answering, or of either party for that matter, be recognized by the other in such conversation, yet the identity of the person or persons holding the conversation, in order to fix a liability upon them or their principals, must in some manner be shown.

There are many reported cases on this subject. A few of them which support the above statement of the law are as follows: *Swing v. Walker,* 27 *Pa. Super. Ct.* 366; *Kimbark v. Ill. Car, etc., Co.,* 103 *Ill. App.* 632; *Obermann B.*

*Co. v. Adams,* 35 *Ill. App.* 540; *Planters' C. O. Co. v. W. U. Tel. Co.,* 126 *Ga.* 621, 55 *S. E.* 495, 6 *L. R. A.* (*N. S.*) 1180; *Murphy v. Jack,* 142 *N. Y.* 215, 36 *N. E.* 882, 40 *Am. St. Rep.* 590; *Wells Co. v. Silverman* (*Sup.*), 125 *N. Y. S.* 457; *Mankes v. Fishman,* 163 *App. Div.* 789, 149 *N. Y. S.* 228; *Young v. Seattle Transfer Co.,* 33 *Wash.* 225, 74 *P.* 375, 63 *L. R. A.* 988, 99 *Am. St. Rep.* 942. See, also, *note* in 71 *A. L. R.* 10.

Under the above authorities, we are of the opinion that the admission in evidence of the above telephone conversation was improper because of the insufficient identification of the defendant as the party who was called by the plaintiff on the telephone. As this telephone conversation was the only evidence in the case to charge the defendant with liability for the purchase of the shares of stock in question, it follows that the verdict must be set aside and a new trial granted, and it is so ordered.