## 30149. GREBLE v. MORGAN.

DECIDED JULY 8, 1943.

*Homer C. Denton, H. W. McLarty,* for plaintiff in error.
*W. O. Slate, Charles W. Bergman,* contra.

SUTTON, J. Mrs. L. W. Morgan obtained judgment against Harry Greble and Mrs. Myrtle Greble in a suit for damages resulting from the collision of an automobile driven by Harry Greble with one driven by Mrs. Morgan. The petition alleged that Mrs. Greble was the owner of the automobile driven by Harry Greble, and that at the time of the collision it was being operated by him for Mrs. Greble, under her "orders and instructions," and "in and about her business." The plaintiff undertook to sustain her case against Mrs. Greble by proof of statements made by Harry Greble shortly after the collision to a police officer and to her husband as to the ownership and use of the automobile, and conversations her husband had over the telephone with some one purporting to be Mrs. Greble. Mrs. Greble was Harry Greble's sister-in-law. The police officer testified that when he arrived at the scene of the accident, he questioned the driver of the automobile about the accident, and as well as he remembered, "he told me that he was driving the car, and that his sister—I think he said his sister, I won't be positive—owned the car." The statement made by Harry Greble to the plaintiff's husband was to the effect that the automobile belonged to his sister-in-law and he was using it in connection with some repair work he had been doing for her, and that the witness would have to see her. Mrs. Greble was not present when these statements were made. The plaintiff's husband testified that he did not know the woman who called him over the telephone, or recognize her voice; nor was her identity established otherwise than by

her statement to him over the telephone that, "this is Mrs. Greble talking." Harry Greble denied making the statements attributed to him, and introduced evidence tending to establish ownership of the automobile in himself, and that at the time of the collision he was making delivery of certain materials for the foreman of a plastering job on which he was then working at the Erie Street School in Decatur. Mrs. Greble also denied that the automobile belonged to her, or that Harry Greble was on a mission for her, or that she was in any way connected with or interested in the work he was engaged in at the time. She also denied that she had ever had any conversation or communication by telephone or otherwise with the plaintiff's husband. Proof of agency was dependent on the declarations of the alleged agent, Harry Greble, and telephone conversations with the person purporting to be Mrs. Greble. This evidence was not sufficient within itself to establish agency. Agency can not be established by the declarations of the alleged agent alone, *Sherrod* v. *Springfield Baptist Church, 21 Ga. App.* 200 (2) (94 S. E. 1009), though made dum fervet opus, *Franklin County Lumber Co.* v. *Grady County, 133 Ga.* 557, 558 (66 S. E. 624) ; *Colt Company* v. *Wheeler, 31 Ga. App.* 427 (5) (120 S. E. 792). The telephone conversations related by the plaintiff's husband could not bind Mrs. Greble. The evidence that it was Mrs. Greble who had the conversations with him was limited solely to the statement to that effect made by the person talking to him, whom he did not know, whose voice he did not recognize, and who was not otherwise identified. This was hearsay evidence, and under the circumstances as related had no probative value, and should have been excluded on the objections made thereto. *Planters Cotton Oil Co.* v. *Western Union Telegraph Co., 126 Ga.* 621 (55 S. E. 495, 6 L. R. A. (N. S.) 1180) ; *Stewart* v. *Fisher, 18 Ga. App.* 519 (3) (89 S. E. 1052).

We have carefully examined the brief of evidence, and can find nothing except the declarations of the alleged agent and the alleged statements of Mrs. Greble over the telephone to support the contention of the plaintiff that the automobile belonged to Mrs. Greble, or that at the time of the collision it was being used by Harry Greble for her, and in and about her business. The testimony of the police officer and of the plaintiff's husband with respect to declarations made by Harry Greble, as above related, were made

in the absence of Mrs. Greble and were not binding on her, and, under the circumstances as related, the testimony of the plaintiff's husband with reference to the telephone conversations with some one calling herself Mrs. Greble was hearsay and of no probative value, and should have been excluded on objection by the defendant. The legal evidence introduced was not sufficient to support the verdict returned against Mrs. Myrtle Greble, and the court erred in overruling her motion for new trial. See in this connection: *Eastlick* v. *Southern Railway Co.,* 116 *Ga.* 48 (42 S. E. 499); *Suttles* v. *Sewell,* 117 *Ga.* 214, 216 (43 S. E. 486); *Kemp* v. *Central of Ga. Ry. Co.,* 122 *Ga.* 559 (2) (50 S. E. 465); *Griffith* v. *Federal Land Bank,* 190 *Ga.* 578, 580 (10 S. E. 2d, 71); *Eatonton Oil Mill* v. *Greene County,* 53 *Ga. App.* 145, 152 (185 S. E. 296).

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*