30635.   ZUGAR *v.* .CRYSTAL SPRINGS BLEACHERY.

DECIDED OCTOBER 27, 1944.   REHEARING DENIED DECEMBER 12, 1944.

*James Maddox,* for plaintiff.

*Shaw & Shaw, S. W. Fariss,* for defendant.

PARKER, J.   Max Zugar sued Crystal Springs Bleachery for $8,580, the alleged value of 3300 tons of coal at $2.60 per ton. The petition charged that the defendant had bought and received the coal from Dan Scarbrough, Martin Scarbrough, and Sam Cannon, who had mined and taken the same from lands belonging to the plaintiff, without his knowledge or consent, and without any legal right; and that the defendant had converted said coal to its own use and was liable to the plaintiff for the value thereof. The defendant denied the material allegations of the petition, but admitted that it had purchased from M. L. Scarbrough 3,019.80 tons of coal without any knowledge as to the lands or source from which it came; and alleged that in purchasing the coal it acted in the utmost good faith, believing that Scarbrough had title thereto and the right to sell the same.   It appeared also from the answer that the plaintiff had some sort of title or interest in the land from which the coal was mined; that the land was sold for taxes in 1934, and that M. L. Scarbrough and his associates entered upon the land under those claiming under the tax sale, and removed the coal therefrom before the sale was subsequently set aside by the plaintiff and his wife in an action brought for that purpose; that Scarbrough expended considerable money in renovating the mines and removing the coal; that the reasonable market value of the coal in the mines was 25 cents per ton, and any enhancement in its value up to the time of delivery to the defendant was due to the labor incident to mining and loading the coal by Scarbrough and his associates, who in good faith believed they had title thereto and the right to remove and sell the same.   The jury returned a verdict in favor of the plaintiff for $775, or 25 cents per ton for

the coal, plus interest of $325.50. The plaintiff was dissatisfied with the verdict and moved for a new trial on the usual general grounds and on fifteen special grounds. The motion was over-ruled and the plaintiff excepted.

■ Special ground 1 of the motion for new trial complains of the court's refusal to charge the following written request: "Until some other basis for recovery appears, the plaintiff in this case would be entitled to a verdict for the full value of the coal at the date of the conversion, with interest at seven per cent. per annum." While the language of this request was evidently taken from the body of the decision in *Milltown Lumber Co.* v. *Carter,* 5 *Ga. App.* 344, 353 (63 S. E. 270), it was not pertinent to the case at bar, and it was not error to refuse the request. Special ground 3 complains of the refusal to give a written request to charge as follows: "The measure of damages for entering on another's land and mining and removing coal therefrom in good faith, is the value of the coal after it is taken from the mine or loaded on cars, less the proper expense of such severance. It may be determined by deducting from the value of the coal at the mouth of the mine the expense of extracting it, and the difference is regarded as its value as it lay in the earth." The substance of this request was fully charged by the court and this ground is without merit. Grounds 6, 7, 8, 9, 10, 11, 12, 14, and 15 complain of various excerpts from the charge relating to the measure of damages. Considering all of these excerpts in connection with the charge as a whole we find no error in any of these grounds. The court charged correctly as to wilful and innocent trespassers, and as to the measure of damages applicable to each. Ground 4 complains of an excerpt from the charge stating the contentions of the parties. Paragraph 8 of the defendant's answer contains almost word for word the identical language complained of and manifestly this ground is without merit. Ground 2 alleges error in the refusal of the court to charge a written request as follows: "If you find that Zugar actually notified the defendant not to buy the coal in question from Scarbrough, or that the coal was being taken from his land, and after receiving such notice it continued to purchase coal from Scarbrough and pay him for it, it could not be contended that it acted in good faith in so doing, and it could not be heard to set up any defense or reduction in damages that it was acting in good

faith;" and ground 5 excepts to the charge as a whole in that the court failed to instruct the jury that the plaintiff claimed that he had given the defendant actual notice that the coal was being mined on his land and had been stolen from him. The evidence on which the plaintiff depended to show notice to the defendant was his own testimony as follows: "I asked him [an attorney in Chattanooga, Tennessee] to look up the number for me and get me connected with the defendant; he did that for me, and then he said here is the party Mr. Zugar, and so I talked to him; I didn't know who I was talking to; I asked for Mr. Jewel, and I began talking, and at the start it was not Mr. Jewel, and the fellow asked me which one I wanted to talk to, and I said either one; I don't know which one I talked to, but it was one of the Jewels, if I talked to him personally I could tell but I could not tell over the telephone which one it was. I said there is a car of coal going in this direction . . and so I told him . . not to make payment on that coal, that it was mine and coming from my mine and to hold it back, that it was stolen from me and from my property, and I said, I will appreciate it if you will hold up payment." This testimony of the plaintiff was supported by the testimony of the witness who placed the call for him and heard him talking over the telephone, but who stated, "I don't know of my own knowledge who he was talking to." Under the ruling of the Supreme Court in *Planters Cotton Oil Co.* v. *Western Union Telegraph Co.,* 126 *Ga.* 621 (55 S. E. 495; 6 L. R. A. (N. S.) 1180), and the ruling of this court in *Stewart* v. *Fisher,* 18 *Ga. App.* 519 (3) (89 S. E. 1052), we do not think the evidence relied on was sufficient to show notice to the defendant, and to raise an issue of fact which should have been presented to the jury. The officers of the defendant corporation (the Jewels) each denied having had any telephone conversation with the plaintiff as testified to by him. Even if the defendant had been notified as claimed by the plaintiff, any investigation would have disclosed that the party from whom the coal was being purchased apparently was the owner of the land and had a right to mine and sell the coal. Under these circumstances we find no error in either of these grounds of the motion for new trial. Ground 13 complains of the charge defining a wilful trespasser as one who knows he is wrong, and an innocent trespasser as one who believes he is right. While

these definitions may not be as full and comprehensive as they might have been, when considered with the entire paragraph in which the sentence complained of appears, we find no error in this complaint.

■ The evidence authorized the verdict, and no error of law appearing, the court did not err in overruling the motion for new trial.

*Judgment affirmed.* *Sutton, P. J., concurs.* Felton, J., concurs in the judgment.