31441. MYERS *v.* BROWN.

DECIDED NOVEMBER 26, 1946.

*Young H. Fraser,* for plaintiff.

*Scott, Wiggins, Grizzard & Smith,* for defendant.

FELTON, J. ■ Generally in this State communications by telephone are not admissible in evidence unless the identity of the party against whom the conversation is sought to be admitted is established by either direct or circumstantial evidence. *Planters' Cotton Oil Co.* v. *Western Union Tel. Co.,* 126 *Ga.* 621 (55 S. E. 495, 6 L. R. A. (N. S.) 1180); *Stewart* v. *Fisher,* 18 *Ga. App.* 519 (89 S. E. 1052); *Stamps* v. *Fruit Dispatch Co.,* 8 *Ga. App.* 503 (70 S. E. 84); *Goodson* v. *Adams Grocery Co.,* 32 *Ga. App.* 419 (123 S. E. 748); *Easterling* v. *Bell,* 29 *Ga. App.* 465 (116 S. E. 50); *Thompson* v. *Bank of Chatsworth,* 30 *Ga. App.* 443 (8) (118 S. E. 470); *Zugar* v. *Crystal Springs Bleachery,* 71 *Ga. App.* 821, 823 (32 S. E. 2d, 414). See as to the establishment of identity by circumstantial evidence, *Ayers* v. *John B. Daniel Co.,* 35 *Ga. App.* 511 (133 S. E. 878). The plaintiff in the instant case, however, swore positively that he later talked to the defendant in person following the telephone conversation and recognized his to be the voice of the person with whom he had spoken in regard to surrendering the premises on April 1, and this subsequent acquisition of knowledge of the voice of the defendant was sufficient to permit

the introduction in evidence of the telephone conversation, the time of recognition affecting the weight, rather than the competency, of the evidence.

■ The evidence which we have ruled in division 1 of this opinion to be admissible for the purpose of establishing the identity of the person upon whom the demand was made by telephone to surrender the premises, taken together with the positive testimony of the witnesses that this demand was made on April 1, was sufficient to authorize the verdict in favor of the plaintiff.

■ The defendant's second special assignment of error complains that the court erred in permitting counsel for the plaintiff to propound and the defendant to answer the question as to whether or not, if a demand had been made upon him on April 1, he would have surrendered possession of the premises, to which the defendant replied that he would not have done so. This is assigned as error upon the ground that the question called for a conclusion and was opinion evidence as to what would have happened some months prior to the asking of the question. In his brief, counsel for the defendant does not pursue this assignment of error upon the ground that this was a conclusion and opinion evidence as to what would have happened some months prior to the asking of the question, but changes his position to the ground that this testimony was insufficient to cure the defect in the telephone conversation, because such admission was not made prior to the time that the law requires demand of the tenant, which ground of error was not assigned on the appeal to the Appellate Division of the Civil Court of Fulton County. This assignment as to the admission of the testimony will, therefore, be treated as abandoned.

For the reasons given in divisions 1 and 2 of this opinion, the court did not err in denying the appeal and affirming the judgment of the trial court.

*Judgment affirmed. Sutton, P. J., and Parker, J., concur.*