## PRICE v. THE STATE.

HAWKINS, Justice. Mrs. Mamie Price was convicted, in Richmond Superior Court, of murder, with a recommendation of mercy. To the judgment overruling her amended motion for a new trial she excepts. The theory relied upon by the State to show motive on the part of the defendant for the killing of her granddaughter was that the defendant was in debt, and was attempting to borrow money, and that she and her son entered into a conspiracy with her accomplice, Henry Lovey Ivey, to pay him $75 to kill her granddaughter in order that the defendant might collect the proceeds of several insurance policies in which the granddaughter was named as the insured. In support of this theory, the State introduced a witness, Mrs. J. D. Black, who testified on direct examination that she had a conversation with the defendant, Mrs. Mamie Price, over the telephone, and that "She wanted to borrow $200 on an insurance policy." Upon cross-examination, this witness testified: "I talked to somebody over the phone that I didn't know and they told me who it was. I had never seen or talked to them before or since. I don't know who it was talking, except what she said . . At that time I never had heard the voice and never heard it since. I don't know of my own knowledge whose voice it was, only what she said. I do not know of my own knowledge who it was." To this testimony counsel for the defendant objected upon the ground that "same was hearsay over the telephone as to who it was talking, there being no proper identification", which objection the trial court overruled and admitted the testimony. *Held:*

1. The testimony of one person to a conversation had with another person over a telephone, in which the person testifying did not know the other person or recognize the other's voice, had not at that time ever heard the voice, and had never heard it since, and the identity of such other person is not established otherwise than by what was said in the conversation itself, is hearsay and inadmissible; and the trial court erred in admitting such testimony and in overruling the objection thereto. *Planters Cotton Oil Co.* v. *Western Union Telegraph Co.,* 126 *Ga.* 621 (55 S. E. 495); *Stewart* v. *Fisher,* 18 *Ga. App.* 519 (3) (89 S. E. 1052);

*Greble* v. *Morgan,* 69 *Ga. App.* 641 (2) (26 S. E. 2d, 494); *Myers* v. *Brown,* 74 *Ga. App.* 534, 536 (40 S. E. 2d, 391).

2. The other special grounds of the motion for a new trial, referring to alleged newly discovered evidence and to matters which are not likely to occur on another trial, need not be passed upon.

3. While ordinarily this court will not pass upon the general grounds of a motion for a new trial in a case which is reversed upon a special ground— as this one must be because of the error pointed out in headnote 1—we think it not amiss to say that the evidence appearing in the record in this case is insufficient to authorize a conviction of the defendant; and unless additional evidence corroborating the testimony of the accomplice, and tending the connect this defendant with the commission of the offense charged, independently of the testimony of the accomplice, can be produced upon another trial, such a trial would be a needless waste of time, effort, and expense to the county. The theory upon which the State relied for a conviction of the defendant is stated above. While the accomplice, Henry Lovey Ivey, testified that the child was killed following an agreement between him, the defendant, and her son to kill the deceased in order that the defendant might collect the proceeds of certain insurance policies in which the deceased was named as the insured, this same witness, in describing the way in which the deceased met her death, claimed that the actual killing was accidental, in that the deceased, while in his custody, attempted to run away from him, and that in grabbing or reaching for her and falling with his arm around her neck she ceased to struggle, and an examination disclosed that she was dead. The corroboration of the accomplice relied upon by the State is evidence to the effect that there were several insurance policies in existence wherein the deceased was named as insured, but not one of them was payable to the defendant as beneficiary, all of them being payable to the mother of the deceased, who lived with the defendant; that the defendant was in financial difficulty, had tried to borrow money, and on May 5, following the disappearance of the child on April 21, she made a statement that, if everything turned out all right, she hoped to get $2000; the testimony of one Pete Thornburg, a companion of the accomplice Ivey, to the effect that he saw Ivey take a large bundle or box to a parked automobile and heard Ivey talking to some man in the car, but he failed to describe the car, who was in the car, or what was in the package or bundle, the accomplice having testified that the bundle contained the body of the deceased, and that the occupants of the car were the defendant and her son.

(a) The rule is well established that, to sustain a conviction in a felony case upon the testimony of an accomplice, there must be corroborating facts or circumstances, which, in themselves and independently of the testimony of the accomplice, directly connect the defendant with the crime, or lead to the inference that he is guilty, and more than sufficient to merely cast on the defendant a grave suspicion of guilt. Code, § 38-121; *Childers* v. *State,* 52 *Ga.* 106; *Middleton* v. *State,* 52 *Ga.* 527; *Blois* v. *State,* 92 *Ga.* 584 (20 S. E. 12); *McCrory* v. *State,* 101 *Ga.* 779 (1) (28 S. E. 921); *Myers* v. *State,* 151 *Ga.* 826 (3) (108 S. E. 369); *McCalla* v. *State,* 66 *Ga.* 346; *Chapman* v. *State,* 112 *Ga.* 56 (2) (37 S. E.

102); *Whaley* v. *State*, 177 *Ga.* 757 (2) (171 S. E. 290); *Lanier* v. *State*, 187 *Ga.* 534 (1 S. E. 2d, 405). While the corroborating evidence appearing in the record in this case might be sufficient to cast on the defendant a suspicion of guilt, it is insufficient, aside from the testimony of the accomplice, to directly connect the defendant with the crime, or lead to the inference that she is guilty.

4. For the reasons pointed out in the first and third headnotes, the trial court erred in overruling the motion for a new trial.

*Judgment reversed. All the Justices concur.*

No. 17708. Argued January 15, 1952—Decided February 11, 1952.

*Peebles & Burnside,* for plaintiff in error.

*Eugene Cook, Attorney-General, J. R. Parham, Assistant Attorney-General, George Hains, Solicitor-General,* and *Nathan Jolles,* contra.