35235. POPE *v.* ASSOCIATED CAB CO.

DECIDED JULY 16, 1954—REHEARING DENIED JULY 28, 1954.

*Garland & Alaimo, Roscoe Pickett,* for plaintiff in error.

*E. Harold Sheats, Paul B. Huckeby,* contra.

TOWNSEND, J. ■ The first special ground contends that it was error for the court to charge in substance that if the plaintiff, who was a passenger in the defendant's taxicab, was negligent in failing to avoid the consequences of the defendant's negligence, if any, and was then injured, she could not recover, on the ground that the charge, although correct as an abstract proposition of law, was not supported by any evidence, that it intimated to the jury that they would be authorized to find the plaintiff negligent, and misled them into believing that there was evidence as to negligence on her part.

Where there is no evidence from which the inference may fairly arise that a plaintiff who is a passenger in the car of another and owes no duty to supervise the driving of the person operating the vehicle (see *East Tenn. Va. & Ga. Ry.* v. *Markens,* 88 *Ga.* 60 (2), 13 S. E. 855, 14 L. R. A. 281), has reason to distrust the driver's ability, or that the driver was her agent and under her control, or that she was not in the exercise of ordinary care for her own safety under the circumstances, it is error to give in charge the principle of law complained of. *Bellamy* v. *Georgia Power Co.,* 67 *Ga. App.* 569 (21 S. E. 2d 294); *Toles* v. *Hair,* 83 *Ga. App.* 144 (1) (63 S. E. 2d 3). However, "to justify a charge on a given subject, it is not necessary there should be direct evidence going to that point; it is enough if there be something from which a legitimate process of reasoning can be carried on in respect to it." *Holland* v. *Long,* 57 *Ga.* 41 (3); *King* v. *State,* 77 *Ga. App.* 539, 540 (49 S. E. 2d 196). In this case, the only evidence tending to show negligence on the part of the defendant was that its employee, the driver of the taxicab, was traveling 45 miles an hour in a zone having a 25 miles per hour speed limit, and that he made a sudden stop, explaining to the plaintiff that it was necessary to do so to avoid hitting a truck which had turned out in front of him. The plaintiff, who testi-

fied to the speed of the automobile, knew what it was. She also testified that she was late for work that morning and was in a hurry. The driver may or may not have known of this fact; the evidence is silent on this subject. He was, however, being hired to transport her, and the jury might have inferred that the speed of the automobile (the sole ground on which liability against the defendant may be predicated) was in response to her own wishes, or at least that she knew of the speed and in the exercise of ordinary care under the circumstances should have protested. In consequence, a charge on this subject was not error, and this ground is without merit.

■ Special ground two complains of an excerpt from the charge of the court as follows: "If you find that the defendant was negligent per se . . . you will determine whether or not, under all of the evidence and circumstances in this case, that negligence, if it existed, constituted slight negligence within the definition of that term as given to you in the charge of the court, the law being that the operator of a taxicab, a public carrier, is required to exercise ordinary care." It is contended that this charge is erroneous as leading the jury to believe that they could find negligence per se to be not negligence in fact, or to determine whether or not the violation of the statute constituted negligence. A charge under which the jury might find that one, although driving at an unlawful rate of speed, is not negligent, is error, because "the violation of a statute enjoining a duty of diligence is negligence as a matter of law and in that respect is not issuable." *Atlanta & W. P. R. Co.* v. *West*, 38 *Ga. App.* 300, 302 (143 S. E. 785). And as stated in *Central R. & Bkg. Co.* v. *Smith*, 78 *Ga.* 694, 697 (3 S. E. 397): "Where a statute expressly enjoins an act, the act is then within all degrees of diligence, even the very lowest, and its omission is negligence as matter of law." It was for the jury to determine as a matter of fact whether the defendant by speeding violated a valid municipal ordinance, and, if so, whether this proximately caused the injuries to the plaintiff, but it was not for the jury to determine whether the violation of such ordinance, if established, constituted slight negligence. It constituted negligence as a matter of law, including the degree of slight negligence. The court erred in so charging the jury.

■ Special ground 3 of the amended motion for a new trial

assigns error on the exclusion of certain testimony offered by Roscoe Pickett, attorney for the plaintiff, to the effect that on the day following plaintiff's injury he had called the telephone number of the defendant company; that he had talked with a person who answered the telephone and who held himself out to be the manager of the defendant company, and whose name was "either Maxey or Carey", the witness could not remember which, and who stated to the witness that the accident had been reported to him and he was investigating the extent of the passenger's (plaintiff's) injuries. The witness admitted that he could not identify the voice of the person with whom he spoke.

If the person on the other end of the telephone were sufficiently identified as an agent with authority to speak for the defendant company, then this conversation, which would have tended to prove that the defendant knew the plaintiff had been injured while a passenger in one of its taxicabs, was admissible as an admission against interest for the reason that the defendant had denied in its pleadings that the plaintiff was a passenger in one of its taxicabs. See Code § 38-403; *William-Hester Marble Co. v. Walton*, 22 *Ga. App.* 433 (4) (96 S. E. 269). Previously to the testimony, the exclusion of which is assigned as error, one Marvin Maxey had been placed on the stand for cross-examination by the plaintiff as an agent of the defendant, and had testified that he was general manager and vice-president of the defendant, that he had, on the day in question, received a telephone call from plaintiff's attorney and had discussed the plaintiff's alleged injuries. This witness admitted that he had stated in that conversation that he would investigate the occurrence, but denied he had stated that it had already been reported to him and that he was in process of investigating it. He admitted that the telephone number which plaintiff's attorney said he had called was the number of his place of business, and that the manager (with whom the plaintiff's attorney had conversed) was himself. This testimony was sufficiently corroborative of the facts shown by the witness to allow him to testify as to his conversation although he did not swear that he recognized the voice of the person with whom he talked. See *Ayers* v. *John B. Daniel Co.*, 35 *Ga. App.* 511, 514 (133 S. E. 878); *Grebel* v. *Morgan*, 69 *Ga. App.* 641 (26 S. E. 2d 494); *Denson* v. *State*, 209 *Ga.* 355 (72 S.

E. 2d 725); *Planters Cotton Oil Co.* v. *Western Union Telegraph Co.*, 126 *Ga.* 621 (55 S. E. 495, 6 L. R. A. (NS) 1180). The above cases are cited by the court in the order denying the motion for new trial, with the statement that the exclusion of this testimony was, in the court's opinion, probably error, but that the court did not think it proper to grant the motion for new trial on this ground alone because of his opinion that the testimony excluded would not have changed the outcome of the case.

Without deciding whether the error set out in the third division of this opinion, alone, would justify the grant of a new trial, we are of the opinion that it, in connection with the erroneous charge set forth in the second division, is sufficient to require the reversal of this case.

The trial court erred in overruling the motion for a new trial as amended.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*