## 38530. STANGER v. THE STATE.

TOWNSEND, Judge. 1. "Generally in this State communications by telephone are not admissible in evidence unless the identity of the party against whom the conversation is sought to be admitted is established by either direct or circumstantial evidence." *Myers v. Brown,* 74 Ga. App. 534, 536 (40 S. E. 2d 391). Where, however, the witness called the telephone number listed under the defendant's name and talked with a man who said he would "be there in 20 minutes," and where thereafter he saw the defendant at the jail the same night and said, "That was a long 20 minutes," to which the defendant replied that his lawyer had advised him not to come to the club being raided by the sheriff and others, the circumstances are sufficient to present a jury question as to whether the man with whom the witness had the telephone conversation was in fact the defendant. The ground of the motion for new trial contending that the court erred in refusing to strike the testimony regarding the telephone conversation on the ground that it had not been shown the defendant was a party thereto is without merit.

2. The sheriff and others raided a restaurant known as the Chateau Supper Club and found, behind a concealed door or wall panel, a number of slot machines and a quantity of tax-paid liquor. The defendant was convicted on a multi-count indictment with possessing an illegal quantity of liquor, and with keeping and maintaining devices for the hazarding of money known as slot machines. The only evidence connecting the defendant with the restaurant was (1) that some time up to a year previously the defendant and his brother had called on the sheriff, and the brother, in the defendant's presence, had informed the sheriff that the defendant was worried about whether the restaurant would be raided and wanted to know whether he might have prior notice of any anticipated raid, and (2) that on the night in question the witness had called the defendant twice, and on the second occasion had been informed it was unnecessary for him to break down a certain door behind which the equipment was later found, as he would find a screwdriver in the desk with which he could prize the hasp off the door, and the tool was in fact so found and used. Such evidence without doubt tends

to throw grave suspicion on the defendant, and shows that he was formerly interested in, and also has present knowledge of some of the equipment in the restaurant. It fails completely, however, to show that he was the owner or operator or in control of the establishment at the time of the raid. On the other hand, there was testimony by a State's witness that the restaurant "has changed hands about every year according to the records down there"; there was testimony that previous raids had been conducted, and that on one occasion the defendant's brother had been present, but on no occasion had the defendant been seen in the vicinity by any witness. There is a presumption that liquor found in a man's residence belongs to him, but this presumption disappears when others than the defendant are shown to have equal access to the premises. *Harris v. State*, 86 Ga. App. 607 (71 S. E. 2d 861). Where the illegal property is found in a place of business, it must be shown that the place of business is within the operation and control of the defendant before such presumption will arise. *Redding v. State*, 16 Ga. App. 315 (85 S. E. 278). There is no such evidence in this case. The defendant displayed sufficient concern about and acquaintance with the establishment to raise a strong suspicion that his knowledge was not entirely innocent, but he made no admission sufficient to establish his guilt beyond a reasonable doubt, and there is no evidence, outside his statements, to connect him with the premises. The conviction was accordingly not supported by the evidence.

The trial court erred in denying the motion for new trial.

*Judgment reversed. Carlisle and Frankum, JJ., concur. Gardner, P. J., not participating.*

DECIDED OCTOBER 10, 1960.

*Cook & Palmour, Bobby Lee Cook, A. Cecil Palmour*, for plaintiff in error.

*Earl B. Self, Solicitor-General*, contra.