## 55445. CANNADY v. LAMB et al.

SHULMAN, Judge.

In this action for personal injuries, the appellee-defendant amended her answer to strike an admission that she was driving the car at the time of the collision. Her earlier admission was explained as an attempt to shield the actual driver, who did not possess a driver's license. Appellant presented a witness, Sikes, who testified that appellee admitted, at the scene of the wreck, that she was the driver. Sikes also denied having spoken to a person named Shuman on the telephone with reference to the wreck. Appellee produced a witness, Shuman, who testified, over objection, that he spoke with Sikes on the telephone subsequent to the wreck and that Sikes denied knowing who was driving the car. This appeal is brought from the judgment entered on a jury verdict for the defendant-appellee. Appellant enumerates as error the admission of Shuman's testimony. We find the enumeration of error meritorious and reverse the judgment.

1. Since its inception, the rule concerning the admissibility of testimony relating the contents of telephone conversations when a conversation is sought to be used against a particular person has remained virtually unchanged. It requires that (a) the other party to the conversation be identified by competent evidence when identity is relevant; and (b) the contents of the phone conversation be admissible (e.g., qualify under some exception to the hearsay rule before admission).

A. Various methods have been held to be sufficient to establish authenticity. These have included direct testimony of voice recognition, see, e.g., *Easterling v. Bell,* 29 Ga. App. 465 (2) (116 SE 50); subsequent conduct of party as a result of the conversation, see, e.g., *Ayers v. John B. Daniel Co.,* 35 Ga. App. 511 (2) (133 SE 878); a telephone salutation in the ordinary course of business identifying the party, see, e.g., *Lacy v. City of Atlanta,* 110 Ga. App. 814 (4) (140 SE2d 144); corroboration by the party sought to be charged, see, e.g., *Pope v. Associated Cab Co.,* 90 Ga. App. 560 (3) (83 SE2d 310); and even the record when taken as a whole, see, e.g., *Thruway Service*

*City, Inc. v. Townsend,* 116 Ga. App. 379, 381 (157 SE2d 564).

B. When the person sought to be bound by a telephone conversation is sufficiently identified as a party to the conversation (or that the person's agent was a party to the conversation), the contents of the conversation are properly admissible when the hearsay rule is not violated. To illustrate further, contents of phone conversations have been held admissible to explain conduct or motive, see, e.g., *Lamb v. Fedderwitz,* 72 Ga. App. 406 (5) (33 SE2d 839); *Thruway Service City,* supra; to prove the fact of making a demand, see, e.g., *Myers v. Brown,* 74 Ga. App. 534 (40 SE2d 391); to prove notice, see, e.g., *Lacy,* supra; and for impeachment purposes, see, e.g., *Pope,* supra.

2. When verification of a telephone conversation with a particular person is sought to be accomplished solely through hearsay testimony, such testimony is inadmissible to establish identity and therefore precludes introduction of the contents.

In *Planters Cotton Oil Co. v. Western Union Tel. Co.,* 126 Ga. 621 (55 SE 495), the Supreme Court held that a certain telephone conversation would not support a verdict against Western Union for nondelivery of a message because the "whole information upon that point [the fact that the conversation was with someone in the Western Union office] was based upon hearsay evidence, which . . . was incompetent to prove the fact. [Cit.]" Id. p. 623. Accord, *Greble v. Morgan,* 69 Ga. App. 641 (2) (26 SE2d 494).

3. The only evidence offered by appellee to establish Sikes' identity as a party to the conversation and thus authenticate the fact of the conversation with Shuman, other than what was said in the conversation itself, was that appellee got Sikes' telephone number from Sikes' father and that Sikes admitted that it was his telephone number.

This was not sufficient. "The testimony of one person to a conversation had with another person over a telephone, in which the person testifying did not know the other person or recognize the other's voice, had not at that time ever heard the voice, and had never heard it since, and the identity of such other person is not established

otherwise than by what was said in the conversation itself, is hearsay and inadmissible; and the trial court erred in admitting such testimony and in overruling the objection thereto. [Cits.]" *Price v. State,* 208 Ga. 695 (1) (69 SE2d 253).

In *Tidwell Co. v. Robley Hats, Inc.,* 125 Ga. App. 102 (5) (186 SE2d 489), this court affirmed the lower court's refusal to admit testimony relating the contents of a telephone conversation. There, the witness testified that he had never met the other party to the conversation, had never heard his voice before, and could not identify the voice. Although the witness testified that he called the number of the place where the other person worked, asked for him, and the person to whom he spoke said he was the person the witness had called, this was not sufficient.

We find the evidence set forth to authenticate the conversation by proof of identity in this case to be no stronger than that in *Tidwell.* Because the fact of the phone conversation with the party sought to be bound thereby was not properly established by competent evidence, the admission of the contents of the conversation, even if limited to impeachment purposes only, was error.

4. Research has revealed a case that would arguably support the admission of this testimony for the limited purpose of impeachment. In *Boggus v. State,* 136 Ga. App. 917, 918 (222 SE2d 686), holding that certain telephone conversations were admissible to explain conduct even without identification of the parties to that conversation, this court stated: "We find no cases which require as a prerequisite to admissibility under Code Ann. § 38-302 that the person on the other end of the line be identified with particularity; it would be absurd to require that evidence qualifying under an exception to the hearsay rule must meet the requirements of the very rule to which it is an exception." `

*Boggus* does not stand for the proposition that authentication may be dispensed with when the contents of the communication qualify under *any* recognized exception to the hearsay rule. *Boggus* did not involve a situation where the telephone conversation was offered against a particular person seeking to bind that person as

a party to the conversation. In *Boggus,* the identity of the caller was simply not relevant to the purpose for which the testimony was admitted, i.e., to explain conduct of witnesses.

Here, however, it was essential that the telephone speaker be identified as the previous witness before the contents of the conversation could be used to impeach that witness by use of prior inconsistent statements.

5. Appellee contends that the admission of the testimony, if error, was harmless. That argument is based upon an assertion that Shuman's testimony was merely cumulative because all the other defense witnesses contradicted Sikes' testimony. However, their testimony merely presented a conflict to be resolved by the jury; Shuman's testimony concerning the phone conversation was a direct attack, and the only one, on Sikes' credibility. Under those circumstances, we are not willing to hold that the erroneous admission of Shuman's testimony was harmless. See *Stewart v. Fisher,* 18 Ga. App. 519 (3) (89 SE 1052).

*Judgment reversed. Bell, C. J., and Birdsong, J., concur.*

ARGUED FEBRUARY 27, 1978 — DECIDED JUNE 19, 1978 — REHEARING DENIED JULY 28, 1978 — ▮▮▮▮▮▮▮

*Jones, Osteen & Jones, Charles M. Jones, Billy N. Jones,* for appellant.

*Bouhan, Williams & Levy, Frank W. Seiler, Joseph P. Brennan,* for appellees.